146 So. 682

**STATE v. JONES.**

No. 32131.

Jan. 30, 1933.

Rehearing Denied Feb. 27, 1933.

Frank B. Ellis, of Covington, and Carter & Carter, of Franklinton, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and C. Sidney Frederick, Dist. Atty., of Covington (James O'Neill, Sp. Asst. to Atty. Gen., of counsel), for the State.

O'NIELL, Chief Justice.

The defendant has appealed from a conviction and sentence for the crime of cattle stealing. The cattle were described in the bill of information as "two cows, the property of Dave Smith and Ernest Prieto."

The defendant filed a motion for a bill of particulars, to be informed of the age and color of the cows alleged to have been stolen, and the place from which they were supposed to have been stolen. The defendant did not ask, in his motion for a bill of particulars, whether the two cows that were supposed to have been stolen belonged to David Smith and Ernest Prieto, respectively, or belonged to them jointly. The bill of particulars asked for was furnished by the district attorney, and no complaint was made as to the sufficiency or insufficiency of the information furnished.

The first witness called by the district attorney, on the trial of the case, was Ernest Prieto, and he testified that one of the two cows described in the bill of particulars belonged to him and that the other cow belonged to Dave Smith. Counsel for the defendant then objected to the introduction of any further evidence, on the ground, first,

that the ownership of the cows, as testified to by Prieto, was not in accord with the charge made in the bill of information, and, second, that, according to the testimony of Prieto, two separate and distinct crimes were charged in the one count in the indictment. The judge overruled the objection, and counsel for the defendant excepted, reserving bill of exceptions No. 1. Thereupon, counsel for the defendant asked for and was granted time in which to prepare and file a motion to quash the bill of information; and the motion was prepared and filed promptly, repeating the complaint that was made in the objection to the introduction of testimony. The judge overruled the motion to quash, but, following the directions of article 252 of the Code of Criminal Procedure, ordered a severance of the bill of information into two counts, so as to charge, in the first count, the stealing of the cow that belonged to Prieto, and, in the second count, the stealing of the cow that belonged to Dave Smith. At the same time, the judge reserved the defendant's right to require the district attorney to elect whether he would proceed with the prosecution under the first or the second count in the information. Counsel for the defendant excepted to the ruling, and reserved bill of exception No. 2. The district attorney elected to prosecute under the first count, charging the stealing of the cow that belonged to Prieto, and filed a separate bill of information charging the stealing of the cow that belonged to Dave Smith. The trial was proceeded with only on the charge of stealing the cow that belonged to Prieto; and the trial resulted in the conviction and sentence from which this appeal was taken. Before the sentence was imposed, counsel for the de-

fendant filed a motion in arrest of judgment, making the same complaints that were made in the objection to the introduction of testimony, and in the motion to quash the bill of information. The motion in arrest was overruled, and bill of exceptions No. 3 was reserved.

■ Bills of exception No. 1, No. 2, and No. 3 therefore set forth substantially the same complaints. Our opinion is that they are not well founded. In the first place, we doubt very much that an accusation of stealing two cows belonging to two persons named in the bill of information or indictment is essentially an accusation of the commission of two separate and distinct crimes if in fact the two cows did not belong to the two persons jointly, but belonged to them severally. Assuming, however, that the defendant in this case had the right to be informed whether the two cows alleged to have been stolen belonged to the two alleged owners jointly or respectively, we are of the opinion that the defendant waived that right when he asked for a bill of particulars without asking to be better informed of the ownership of the two cows. Aside from these considerations, article 252 of the Code of Criminal Procedure declares that a misjoinder of two or more offenses charged in an indictment shall not be a cause for quashing or setting aside the indictment, but that, if the judge be of the opinion that there is such a defect in the indictment, he may sever the indictment into separate indictments, or into separate counts, as he shall deem proper. The judge, therefore, in this case, had authority to sever the bill of information into two counts, instead of quashing it.

The fourth and last bill of exceptions was reserved to the overruling of a motion for a new trial. The only ground for the motion, referred to in appellant's brief, except the complaints already disposed of, is that the district attorney made certain objectionable remarks in his argument to the jury. No exception was taken to the remarks when they were made. To be availing, exceptions to remarks made by a prosecuting officer in his argument to the jury must be taken when the remarks are made, and not after conviction, in a motion for a new trial. State v. Spurling, 115 La. 789, 790, 40 So. 167.

The verdict and sentence are affirmed.

BRUNOT, J., takes no part.