"HIGGINS, Justice.
 

 The Grand Jury of St. Landry Parish returned three separate bills of indictment against Lennie Savoy charging him with having, in his capacity as assessor of the parish, embezzled certain monies of the Parish. He filed a motion to recuse District Judge Kenneth Boagni, alleging that the acts of Boagni, individually and as the president of the Voluntary Guardians of Clean Government, had brought about his indictment in accordance with his plans to gain greater political power, by having him removed from the office of assessor to which he had been elected in January, 1940, on the opposition ticket. The grounds were substantially the same as those set forth in the motion to recuse in the criminal case of the State of Louisiana v. Daly J. Doucet, No. 36,454 of the docket of this Court, 199 La. 276, 5 So.2d 894. The motion makes the record of the civil suit of State ex rel. Sam H. Jones, Governor of Louisiana, et al. v. Daly J. Doucet, et al. (No. 28,679 of the docket of the 27th Judicial District Court for the Parish of St. Landry), No. 36,403 of the docket of this Court, a part of it, wherein the identical grounds for recusation in the case No. 36,454 of the docket of this Court, entitled State of Louisiana v. Daly J. Doucet are set forth.
 

 The district judge overruled the motion on the ground that it was frivolous and failed to set forth sufficient facts to state a legal cause for recusation and, therefore, he declined to recuse himself or to refer the motion to a judge of an adjoining district to try the issues. The accused then-, applied to this Court for writs of certiorari, prohibition and mandamus, which were issued with a stay order and a rule nisi.
 

 The respondent judge, in his return to' the rule nisi issued by us in connection with the writs, states: “Respondent attaches hereto a certified copy of the judgment rendered by Honorable Lester L. Bordelon, Judge ad hoc in the case of State of Louisiana v. Daly J. Doucet, 13,606, 13,607, 13,572, 13,503 and 13,532 inclusive, as the allegations in this case are'the same as the allegations in the Savoy and Manouvrier cases.” These two cases bear the Nos. 36,-442 and 36,443, respectively, of our docket. 199 La. 305, 5 So.2d 903 and 199 La. 300, 5 So.2d 901.
 

 The record in the civil suit against Daly J. Doucet (now No. 36,403 of our docket) was made a part of the record in the criminal case against him, now No. 36,454 of the docket of this Court, so, therefore, we have before us in the instant case the records in both the civil and the criminal cases against Daly J. Doucet above mentioned.
 

 We have this day, in the case entitled State of Louisiana v. Daly J. Doucet, No. 36,454, handed down an opinion and rendered a decree annulling the judgment of Honorable Lester L. Bordelon, Judge ad hoc, who overruled the motion for recusation, and ordering the recusation of Judge Kenneth Boagni and appointing District Judge C. Iris Dupont to try the cases.
 

 In the civil suit against Daly J. Doucet, No. 36,403, on the defendant’s application
 
 *155
 
 for writs, we had previously assigned District Judge C. Iris Dupont to hear and determine that matter.
 

 As the motions for recusation in the civil and criminal cases against Daly J. Doucet are practically the same as the motion in the instant case, no useful purpose would be served in further discussing the allegations of fact upon which the motion for recusation in this case is grounded. Therefore, for the reasons assigned in State of Louisiana v. Daly J. Doucet, No. 36,454, this day decided, it is our opinion that the motion does contain sufficient allegations of fact so as to set forth legal cause for the .recusation of Judge Boagni and, therefore, he erroneously overruled it.
 

 Since, in the case of State v. Doucet, No. 36,454, Judge Boagni referred the motion of recusation to Judge Bordelon to be tried, and he overruled it, after a trial in which a copious amount of evidence and testimony was introduced, and as we subsequently annulled Judge Bordelon’s judgment and sustained the motion to recuse, and ordered another district judge to try the case, it would now be a vain ceremony to remand this case to the district court to have Judge Boagni appoint a judge from an adjoining district to hear the motion, because it is based upon practically the identical grounds as the civil and criminal cases against Daly J. Doucet. Therefore, we shall order the recusation of Judge Kenneth Boagni in these suits, and appoint another district judge to try the cases.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court overruling the motion for recusation in these cases is annulled and set aside;
 

 It is further ordered, adjudged and decreed that Honorable Kenneth Boagni, Judge of the 27th Judicial District Court for the Parish of St. Landry, is recused in the above entitled and numbered cases, and acting under the authority of Section 3, Act 40 of 1880, as amended and re-enacted by Act No. 124 of 1940, the Honorable C. Iris Dupont, Judge of the District Court in and for the 18th Judicial District, is hereby assigned to the District Court for the 27th Judicial District, Parish of St. Landry, to try the cases entitled State of Louisiana v. Lennie Savoy, Nos. 13,592, 13,593, 13,594, respectively of the docket of that court, and to sign all necessary orders, decrees and judgments therein, and to discharge any and all duties and functions connected therewith;
 

 It is further ordered that this assignment shall not deprive Judge Dupont of his authority to exercise his functions and to discharge his duties as Judge of the District Court in and for the 18th Judicial District.
 

 ODOM, J., dissents and will hand down reasons.
 

 O’NIELL, C. J., is of the opinion that this case should be remanded for a hearing on the motion to recuse.