HIGGINS, Justice.
 

 The accused was charged in four separate bills of indictment with the crime of embezzlement of certain parish funds while lie was serving in the capacity as parish treasurer and as secretary of the Police Jury of the Parish of St. Landry. He sought to have District Judge Kenneth Boagni recused on the ground that Boagni, individually and as president of the Voluntary Guardians of Clean Government, had ■caused him to be indicted in furtherance of a scheme and plan to gain greater political •power by having him removed from office as parish treasurer and secretary of the Police Jury, to which offices he had been reappointed, notwithstanding Boagni’s opposition thereto. The grounds for recusación were practically the same as those alleged in the motion to recuse in the criminal case of the State of Louisiana v. Daly J. Doucet, No. 36,454 of the docket of this Court, 199 La. 276, 5 So.2d 894. The motion in the instant case makes the record of the civil suit of State ex rel. Sam H. Jones, Governor of the State of Louisiana, et al. v. Daly J. Doucet (No. 28,679 of the docket of the 27th Judicial District Court, St. Landry Parish), No. 36,403 of the docket of this Court, a part of it, wherein the identical grounds for the recusation in the case of State of Louisiana v. Daly J. Doucet, No. 36,454 of the docket of this Court are set forth.
 

 The defendant’s motion was overruled by the district judge on the ground that it was frivolous and failed to state a legal cause for recusation because it did not allege sufficient facts and, therefore, the judge refused to recuse himself, or to refer the motion to a judge of an adjoining district, to determine the questions presented. This Court granted writs of certiorari, prohibition and mandamus with a stay order and a rule nisi, upon the application of the defendant.
 

 In his return to the rule nisi, the district judge states: “Respondent attaches hereto a certified copy of the judgment rendered by the Honorable Lester L. Bordelon, Judge ad hoc in the case of State of Louisiana v. Daly J. Doucet, Nos. 13,606 and 13,607, 13,572, 13,503 to 13,532, inclusive, as the allegations in this case are the same as the allegations in the Savoy and Manouvrier cases.” The Savoy and Manouvrier cases referred to are No. 36,442, and No. 36,443, respectively of the docket of this Court and presently under consideration by us. 199 La. 305, 5 So.2d 903, and 199 La. 300, 5 So. 2d 901.
 

 
 *152
 
 In the trial of the .motion to recuse before Judge Bordelon in the criminal case against Daly J. Doucet, No. 36,454 of the docket of this Court, the record in the civil suit (No. 36,403), against Doucet was introduced in evidence. Hence, in the instant case there is before us the records in both the civil and the criminal cases against Doucet.
 

 In the case of State of Louisiana v. Daly J. Doucet, 199 La. 276, 5 So.2d 894, No. 36,454 of our docket, we have this day rendered a decision annulling the judgment of Honorable Lester L. Bordelon, judge ad hoc (who dismissed the motion for recusation), and ordering the recusation of Judge Kenneth Boagni, and appointing District Judge C. Iris Dupont to try the cases.
 

 Previously, upon defendant Daly J. Doucet’*s application for writs, we assigned District Judge C. Iris Dupont to try the civil suit against him, No. 36,403.
 

 Since it is conceded that the motions for recusation in both the civil and criminal cases against Doucet are the same as the motion for recusation in this case, no useful purpose would be served in further discussing the allegations of fact upon which the motion is founded in this case. Consequently, for the reasons assigned in the case of State of Louisiana v. Daly J. Doucet, No. 36,454, this day decided by us, it is our conclusion that the motion does contain sufficient allegations of fact so as to state a legal cause for the recusation of -Judge Boagni and, hence; the motion was erroneously denied by him.
 

 As Judge Boagni in the case of State y. Daly J. Doucet, No. 36,454, referred the motion for recusation to Judge Bordelon to be determined and he rejected ther motion after a hearing in which a voluminous amount of evidence and testimony was. introduced and, as the judgment of JudgeBordelon was annulled by us and the motion to recuse Judge Boagni was sustained and another district judge ordered to try the-case, it certainly would be an idle ceremony to remand this case to the district court for the purpose of having Judge Boagni appoint a judge from an adjoining district to-decide the motion, because we have shown that it is predicated upon the same grounds-as the motions for recusation were in the-civil and criminal cases ¿gainst Daly JDoucet. Consequently, we recuse JudgeBoagni in the present cases against the de~' fendant and will appoint another district-judge to try them.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court overruling the motion torearse herein is annulled and set aside;
 

 It is further ordered, adjudged and decreed that Honorable Kenneth Boagni,. Judge of the 27th Judicial District Court br- and for the Parish of St. Landry,' is recused in the above entitled and numbered, cases and, acting under the authority of Act No. 124 of 1940, amending and re-enacting Section 3 of Act No. 40 of 1880,. Honorable C. Iris Dupont, Judge of the district court in and for the 18th Judicial. District, is hereby assigned to the District-Court for the 27th Judicial District in and for the Parish of St. Landry, to try the-cases entitled State of Louisiana v. Antoine J. Manouvrier, Nos. 13,589, 13,590,,
 
 *153
 
 13,591, 13,595, respectively, of the criminal •docket of that court and to sign all necessary orders, decrees and judgments therein, and to discharge any and all duties and functions connected therewith;
 

 It is further ordered that this assignment shall not deprive Judge Dupont of his authority to exercise his functions and discharge his duties as judge of the district ■court in and for the 18th Judicial District.
 

 ODOM, J., dissents.
 

 O’NIELL, C. J., is of the opinion that this case should be remanded for a hearing ■of the motion to recuse.