13 So.2d 353

STATE v. DOUCET.

No. 36692.

Feb. 1, 1943.

Rehearing Denied April 12, 1943.

Eugene Stanley, Atty. Gen., Seth Lewis, Dist. Atty., of Opelousas, and R. H. Lee, Sp. Asst. Atty. Gen., for applicant.

S. Allen Bordelon, of Marksville, and Lessley P. Gardiner, of Opelousas, for respondent.

O'NIELL, Chief Justice.

The grand jury for the Parish of St. Landry indicted the ex-sheriff of the parish for the crime of embezzling $3,274.06 of public money, during the period from December 1, 1939, to March 31, 1940, and while he was sheriff and ex officio tax collector.

The indictment contained three counts, the third count being merely an allegation negativing prescription. In the first count it was charged that the defendant, within the period stated, "did feloniously and wrongfully convert to his own use and otherwise embezzle" the $3,274.06 of public money; and in the second count it was charged that the defendant did, within that period, "feloniously and wrongfully use the $3,274.06 of public money in a manner other than as directed by law". In that way the two counts conform with the provision in article 217 of the Code of Criminal Procedure, that "no indictment shall charge more than one crime, but the same crime may be charged in different ways in several counts."

The law which the defendant was accused of violating is in sections 903 and 904 of the Revised Statutes (sections 912

and 913 of Dart's Criminal Statutes), which provide:

"Section 903 [Dart's 912]. Any officer of this state, or any other person, who shall convert to his own use, in any way whatever, or shall use, by way of investment in any kind of property or merchandise, or shall loan, with or without interest, or use in any other manner than as directed by law, any portion of public money which he is authorized to collect, or which may be entrusted to safe keeping or disbursement, or for any other purpose, shall be guilty of an embezzlement of the same.

"The neglect or refusal to pay over, on demand, any public money in his hands, in the manner required by law, shall be prima facie evidence of its conversion and embezzlement; and any officer or other person, and all persons advising, or knowingly and wilfully participating in such embezzlement shall, upon conviction thereof, pay a fine equal to the amount of money embezzled, besides restoring the same; and shall be imprisoned at hard labor, not less than six months, nor more than five years.

"Section 904 [Dart's 913]. The provisions and penalties of the preceding section shall extend to all officers or other persons, their aiders and abettors, who shall embezzle the funds belonging to any parish or incorporated city, with the collection, safe keeping or disbursement of which they may be intrusted or charged."

The attorneys for the defendant filed a motion for a bill of particulars, asking (1st) that he be furnished with an itemized, detailed and numbered statement showing how the aggregate amount of $3,274.06 was made up, that is to say, the different amounts making up that sum, together with the date of each and every item alleged to have come into the defendant's possession or care or keeping, or alleged to have been wrongfully converted to his own use or otherwise embezzled; (2nd) that he should be given the particulars as to whether he was charged with having received directly the items making up the $3,274.06, "or whether the checks, cash or money was received by him and enured to his benefit or was given to someone else"; and (3rd) that he should be informed of the statute or of the section of the revised statutes, under which he was indicted.

The district attorney, answering the motion for a bill of particulars, cited the two sections of the Revised Statutes, but claimed that under section 906 of the Revised Statutes (915 of Dart's Criminal Statutes), it was not necessary to set forth in an indictment for embezzlement a minute and detailed description of the transaction, and that a general allegation of the amount embezzled was sufficient. The district attorney referred also to the provision in article 245 of the Code of Criminal Procedure, that in any prosecution for embezzlement it shall be sufficient to allege generally in the indictment the embezzlement of money or other personal property to a certain amount, without specifying the particulars of the embezzlement. Further answering the motion for a bill of particulars, the district attorney averred

that the money embezzled, or used in a manner otherwise than as directed by law, consisted of public funds, as set forth in the indictment, standing to the credit of the account known as the Sheriff's Salary Fund. The district attorney in his answer also pointed out that the first count in the indictment charged the defendant with wrongfully converting to his own use and otherwise embezzling the $3,274.06, and that the second count charged him with wrongfully using the $3,274.06 in a manner other than as directed by law; and that the two counts, therefore, as we have said, merely charged one and the same crime, in the different words of the statute, as is allowed' by section 217 of the. Code of Criminal Procedure. Further answering, the district attorney described minutely the method or system by which, he intended to prove, the defendant embezzled the $3,274.06, or used it in a manner other than as directed by law. The method or system described consisted of issuing printed "purchase-orders", signed by the sheriff, authorizing and enabling persons having no official connection with his office to obtain gas and oil for their automobiles, and accessories and repairs, and cash, which were not used or intended to be used for any official business of the sheriff, but, on the contrary, were to serve and did serve the unofficial and personal interests of the defendant. The district attorney in his answer averred that the gas, oil, automobile accessories and repairs obtained on such purchase-orders were charged to the account of the sheriff's office; that he knowingly, wilfully and unlawfully directed the proprietors of the service stations and garages, to whom the purchase orders were directed, to make such charges against the sheriff's office; that the sheriff drew and issued checks or vouchers against the public fund entrusted to him, and referred to as the Sheriff's Salary Fund, for the payment of the amounts charged to his official account on the authority of the so-called purchase-orders, to the amount of $3,274.06, within the period from December 1, 1939, through March 31, 1940; and that the sheriff knew that the checks signed and issued by him against the Sheriff's Salary Fund would be and in fact were honored and paid out of that fund, and knew the criminal nature of these transactions. The district attorney in his answer averred that, of the $3,274.06 which the sheriff paid out in that way, $984.56 was paid in January 1940 for the purchase-orders issued and charges made in December 1939; that $771.33 was paid in February for the purchase-orders issued and charges made in January 1940; and that $1,518.17 was paid in that way for the purchase-orders issued and charges made in February 1940.

The defendant filed an objection to the district attorney's answer to the motion for a bill of particulars, and claimed that the district attorney should furnish a detailed list and description of the so-called purchase-orders, referred to in his answer to the motion for a bill of particulars, and should furnish also a list and description of the checks or vouchers issued by the defendant in payment for the bills which were alleged to have been incurred on the

authority of the so-called purchase-orders. In response to the defendant's request for a list of the purchase-orders and checks or vouchers, the district attorney filed a supplemental answer and furnished a detailed and descriptive list of the so-called purchase-orders, giving the name of the party to whom each purchase-order was issued, the date of the order and the name of each filling station or garage or proprietor thereof to whom the order was directed, and the amount of the order. There were 293 purchase-orders thus described on the list. And with his supplemental answer the district attorney furnished also a list of the checks or vouchers with which the debts incurred by means of the purchase-orders were paid. There were 68 checks enumerated on the list, with the serial number and the date of each check, and the name of the payee, and the amount for which each check was drawn. It was noted in the minutes of the court that, when the district attorney filed his supplemental answer to the motion for a bill of particulars, with the accompanying lists, the attorneys for the defendant offered no objection, and the minutes show that the court ordered the clerk to make an entry showing compliance by the district attorney with the requests for a bill of particulars. The minutes show also that the judge reserved to the attorneys for the defendant the right to view and make copies of the purchase-orders and the checks or vouchers described in the lists accompanying the answers of the district attorney to the motions for a bill of particulars.

Three weeks after the district attorney had answered the motion for a bill of particulars, the attorneys for the defendant filed a motion to quash the indictment on the ground that more than one offense was charged in each count. In explanation, it was alleged in the motion to quash the indictment that "the lumping together of the distinct acts as proposed by the prosecuting attorney is only permissible under the law contained in article 225 of the Louisiana Code of Criminal Procedure and in Act No. 57 of 1940"; and it was alleged that neither article 225 of the Code of Criminal Procedure nor Act 57 of 1940 was applicable to the crime denounced by sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes). Sections 912 and 913 of Dart's Criminal Statutes are referred to erroneously, in the motion to quash the indictment, as articles of the Code of Criminal Procedure. These sections—912 and 913— as well as the section numbered 914, are referred to, invariably, in the record and in the briefs in this case, as being articles of the Code of Criminal Procedure. The mistake seems to have come from the fact that the editor in compiling the cumulative pocket supplements for the volume which contains both Dart's edition of the Code of Criminal Procedure and his compilation of the Criminal Statutes inserted the text of Act 57 of 1940 under the number 914.1, immediately following the section numbered 914, in Dart's Criminal Statutes, instead of inserting the act of 1940 as an amendment and a re-enactment of article 225—or as a substitute for that article—

in the Code of Criminal Procedure. The judge in his ruling in this case remarked that the act of 1940 is an exact copy of article 225 of the Code of Criminal Procedure, with the addition only of this proviso: "Provided that it shall not be lawful to cumulate separate and distinct acts of any two or more of the several offenses above mentioned, in the same indictment." But the judge observed also that the act of 1940 was published under the number 914.1 in what he called Dart's Code of Criminal Procedure, and the judge took that circumstance into consideration in coming to his conclusion that the act of 1940 was applicable only to a prosecution for embezzlement under section 914 (section 905 of the Revised Statutes), and not applicable to a prosecution for embezzlement under sections 912 and 913 (sections 903 and 904 of the Revised Statutes), as in this case.

■ Article 225 of the Code of Criminal Procedure, as it was originally and as it is reproduced in Act 57 of 1940, is only procedural law—not substantive law, in any sense. It reads as follows:

"It shall be lawful to insert several counts in the same indictment against the same defendant for any number of distinct acts of stealing, of embezzlement, of obtaining money by false pretenses, or of swindling, which may have been committed by him against the same person within the space of six calendar months from the first to the last of such acts, and the aggregate amount of these thefts, embezzlements, obtaining by false pretenses, or swindling, shall determine the grade of

the offense charged; provided that whenever any one, by virtue of his office or employment or of any fiduciary relationship which he may occupy towards another, shall be entrusted with any money or other property, and shall embezzle the same, while so entrusted to him, he may be charged in one indictment and in one count with the embezzlement of the aggregate amount embezzled by him during the entire time of his holding such office, employment or relationship, which said aggregate amount shall determine the grade of the offense charged; provided, further, that proof of the embezzlement by defendant at any time during his term of office, employment, or fiduciary relationship, of any part of the money or other property with which he shall have been entrusted shall warrant a verdict of guilty of that grade of the offense shown by the value of such money or property to have been committed. Provided that it shall not be lawful to cumulate separate and distinct acts of any two or more of the several offenses above mentioned, in the same indictment."

■ What we have quoted is Act 57 of 1940, which, as we have said, is a verbatim copy of article 225 of the Code of Criminal Procedure, with the addition only of this proviso: "Provided that it shall not be lawful to cumulate separate and distinct acts of any two or more of the several offenses above mentioned, in the same indictment." The "several offenses" referred to in this proviso are listed in the beginning of the article, thus: Stealing, embezzlement, obtaining money by false

pretenses, and swindling. The purpose of adding this proviso was to make it plain that, although in the beginning of the article it is said to be lawful to insert, in an indictment for stealing, several counts "for any number of distinct acts of stealing" committed against the same person within the space of six months, or to insert in an indictment for embezzlement several counts for any number of distinct acts of embezzlement committed against the same person within the space of six months, or to insert in an indictment for obtaining money by false pretenses several counts for any number of distinct acts of obtaining money by false pretenses, committed against the same person within the space of six months, or to insert, in an indictment for swindling, several counts for any number of distinct acts of swindling committed against the same person within the space of six months, nevertheless it shall not be lawful to cumulate, in an indictment for stealing, separate and distinct acts of embezzlement, or to cumulate in an indictment for embezzlement separate and distinct acts of obtaining money by false pretenses, or to cumulate in an indictment for obtaining money by false pretenses separate and distinct acts of swindling, et cetera, even though the separate and distinct acts were committed "within the space of six calendar months from the first to the last of such acts".

The judge, after hearing arguments on the motion to quash the indictment, decided that the so-called lumping of "several distinct acts or offenses" in one count in the indictment for embezzlement was not a cause for which the indictment should be quashed, but that the district attorney should be ordered to sever or separate each one of the two counts in the indictment into several counts "so that each separate and distinct act or offense may be charged in a separate count and not in one and the same count." In explanation of his ruling the judge handed down a written opinion, in which he declared:

"Obviously said indictment in one and the same count lumps or charges several distinct acts or offenses and there is therefore no other alternative except for the court to be governed in this matter by article 252 of the Code of Criminal Procedure of Louisiana, which authorizes the court to 'sever such indictment into separate indictments or into separate counts, as shall be proper'. And in view of the provisions of article 226 of the Code of Criminal Procedure the court is of the opinion that severing said indictment into separate counts, setting forth each separate and distinct act or offense, would be the appropriate and practical method to apply to this situation."

After quoting also article 217 of the Code of Criminal Procedure—which declares that, except as otherwise provided under this title, no indictment shall charge more than one crime but that the same crime may be charged in different ways in several counts—and after quoting article 220—which declares that, except as otherwise provided under this title, it is duplicity to include in the same count two separate and distinct offenses—the judge stated his conclusion, thus:

"For the foregoing reasons, and in the light of the authorities considered, it is the opinion of the court * * * that the objection in said motions made to the so-called lumping of charges of several distinct and separate acts or offenses in one and the same count of the said indictment should be sustained and that the court should order said indictment severed so that each separate and distinct act or offense may be charged in a separate count and not in one and the same count, and judgment is rendered herein accordingly."

When the judge finished reading his opinion and order, in open court, the district attorney arose and asked the judge to explain what he meant by requiring the district attorney to sever or separate the indictment "so that each separate and distinct act or offense" should be charged in a separate count. The district attorney asked particularly to be informed whether there should be a separate count in the indictment for each one of the transactions represented by the 293 purchase-orders, or whether there should be a separate count only for each one of the transactions represented by the 68 checks drawn on the Sheriff's Salary Fund for the payment of the debts incurred under authority of the 293 purchase-orders. The judge replied that he thought that his written opinion was very explicit, that it would be a very simple matter for the district attorney to comply with the order to sever the indictment so that each separate and distinct act or offense would be charged in a separate count, and that it was the duty of the district attorney and not the duty of

the judge to sever or separate the charges in the indictment "to conform with the written opinion and order" which the judge had just rendered. These facts are stated in the opposition which the judge filed in this court opposing the petition of the district attorney for writs of certiorari, prohibition and mandamus.

When the judge declined to give the explanation which the district attorney asked for, he requested and was granted a delay of three days in which to study the opinion which the judge had rendered, and to decide what should be done about it. At the end of this delay the district attorney appeared in open court and filed a formal motion requesting the judge to recall or rescind his order for a severance of the indictment. The judge declined to recall or rescind the order, and the district attorney then gave notice to the judge and to the attorneys for the defendant, Doucet, that he, the district attorney, would apply to the supreme court for writs of certiorari, prohibition and mandamus, to set aside the order complained of.

This court granted the writ of certiorari and ordered the judge and the defendant to show cause why the relief prayed for by the district attorney should not be granted. The judge and the attorneys for the defendant each filed a written opposition to the petition of the district attorney for the writs of certiorari, prohibition and mandamus; and, after the writ of certiorari and the rule to show cause were granted, the judge and the attorneys for the defendant answered the rule. But the judge did not, either in his opposition to the

district attorney's petition for the writs, or in his answer to the rule to show cause why the writs should not be granted, give the meaning of the phrase "each separate or distinct act or offense", which phrase was used several times in the opinion and ruling rendered in the district court, and in the judge's opposition to the district attorney's petition to this court for the supervisory writs. In his opposition the judge declared that when he delivered his opinion and ruling in open court the district attorney arose and asked the judge to explain his ruling, and that he, the judge, stated to the district attorney "that it meant that the separate and distinct transactions with various individuals or firms at different times, as shown in the bill of particulars, should be set out in separate counts in the indictment."

The judge in his opposition proceeded with his statement of what occurred in open court, thus: "The district attorney then asked whether I had reference to the so-called purchase orders, or the cancelled checks, and I replied that I thought that the written opinion was very explicit, that it was a very simple matter to comply with the order to sever the indictment, and that it was his duty as district attorney, and not that of the judge, to sever said indictment to conform with said written opinion and order."

■ It seems likely therefore that what the judge means by ordering the district attorney to sever the indictment "so that each separate and distinct act or offense may be charged in a separate count" is either that each one of the 293 transactions

represented by the 293 purchase-orders should be charged in a separate count, as a distinct and separate offense, or that each one of the 68 transactions, which was consummated by one of the 68 checks, should be charged in a separate count, as a distinct and separate offense. It is more likely that the judge means that each transaction that was consummated by one of the 68 checks drawn on the Sheriff's Salary Fund should be charged in a separate count than that the judge means that each one of the 293 transactions represented by the 293 purchase-orders should be charged in a separate count. But it is not important in this proceeding whether the judge means that the district attorney must sever the indictment into 293 counts or into only 68 counts; because our opinion is that there is no necessity for severing the indictment into any more counts than it contains now. The bill of particulars furnished by the district attorney, explaining in detail the series of transactions by which, it is charged, the sheriff embezzled the $3,274.06 of public money belonging to the Sheriff's Salary Fund—together with the list of purchase-orders and of cancelled checks—gave the defendant all of the information that could be given by a severing of the indictment into any number of counts. And, certainly, that part of the judge's order which permits the attorneys for the defendant to examine and to copy the evidence upon which the district attorney will rely, consisting of 293 purchase-orders and 68 cancelled checks, informs the defendant fully "of the nature and cause of the accusation against

him", as required by section 10 of the Bill of Rights in the Constitution of Louisiana.

The main reason why the district judge maintains that article 225 of the Code of Criminal Procedure—now Act 57 of 1940 —is not applicable to a prosecution for the crime of embezzlement of *public* funds, under sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes), is that the judge is of the opinion that the crime of embezzlement of *public* funds, under these statutes, is not a graded offense, like the embezzlement which is denounced by section 905 of the Revised Statutes (914 of Dart's Criminal Statutes). The judge explains this in his written opinion—thus:

"Article 225 of the Code of Criminal Procedure provides that, when any one by virtue of his office shall have entrusted to him any money and shall embezzle the same while so entrusted to him, he may be charged in one count with the embezzlement of the aggregate during the entire time of his holding such office; but that statement is followed by another statement of the law, separated from it by a mere comma, which says that *said aggregate amount shall determine the grade of the offense charged;* and both of these statements of the law are followed by a further statement, in the nature of a proviso, separated from the foregoing by a semicolon, which provides that proof of the embezzlement by defendant at any time during his term of office of any part of the money withdrawn, with which he shall have been entrusted, 'shall warrant a verdict of guilty of that grade of the offense

shown by the value of such money or property to have been committed'. Article 914.1 of the Code of Criminal Procedure [meaning the pocket supplement of Dart's Criminal Statutes] (Act 57 of 1940, par. 1) is the same as the above, and also contains the further proviso reading thus: 'provided that it shall not be lawful to cumulate separate and distinct *acts* of any two or more of the *several offenses* above mentioned, in the same indictment'.

"The said article 225 of the Code of Criminal Procedure, as well as Act 57 of 1940, par. 1, applies only to prosecutions for embezzlement under statutes whereby the crime of embezzlement is made a graded offense, as, for instance, article 914 of the Code of Criminal Procedure [meaning Dart's Criminal Statutes] (section 905 of the Revised Statutes). In fact, article 914.1 of the supplement of Dart's Code of Criminal Procedure [meaning Dart's Criminal Statutes] is Act 57 of 1940, par. 1.

"Then, article 217 of the Code of Criminal Procedure provides: 'Except as otherwise provided under this title, *no indictment shall charge more than one crime,* but the same crime may be charged in different ways in several counts.' And article 220 of the Code of Criminal Procedure reads: 'Except as otherwise provided under this title, *it is duplicity to include in the same count two separate and distinct offenses.'*

"For the reasons stated with reference to other indictments and informations against this defendant it is obvious that *the indictment presently under discussion*

is not within the terms of article 914 of the Code of Criminal Procedure [meaning Dart's Criminal Statutes] (section 905 of the Revised Statutes). Said indictment does appear to be within the purview of articles 912 and 913 of the Code of Criminal Procedure [meaning Dart's Criminal Statutes] (sections 903 and 904 of the Revised Statutes), wherein the crime of embezzlement is not made a graded offense."

The judge, in quoting articles 217 and 220 of the Code of Criminal Procedure, underscores the concluding part of each article. But it would be more appropriate to underscore the opening statement in each article, thus: "Except as otherwise provided under this title". For, if it is "otherwise provided", with reference to indictments for embezzlement, in article 225, this latter article must prevail. It is not only under the same title with articles 217 and 220—Title XIX, *Of the Indictment*—but is also in the same chapter with articles 217 and 220—Chapter 1, *Of the Counts of an Indictment*. This proviso, therefore, "Except as otherwise provided under this title", in sections 217 and 220 of the Code of Criminal Procedure, prevents any conflict with the provisions of article 225; which article does not make any such exception as "Except as otherwise provided under this title".

▮▮ The judge stresses the provision in article 225, "the aggregate amount embezzled by him during the entire time of his holding such office * * * shall determine the *grade* of the offense charged"; and the judge stresses also the further provision, "that proof of the em-

bezzlement by defendant at any time during his term of office, * * * of any part of the money or other property with which he shall have been trusted, shall warrant a verdict of guilty of that *grade* of the offense shown by the value of such money or property to have been committed." The judge maintains that these two references to the "grade of the offense" make article 225 of the Code of Criminal Procedure inapplicable to an indictment for the crime of embezzlement of "public money", under sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes). These two sections denounce the crime of embezzling "public money"; and they refer specifically to the commission of the crime by a "public officer". And so, in article 225, the phrase "during the entire time of his holding such office", and the phrase "during his term of office", indicate that article 225 is intended to apply to an indictment of a public officer for the crime of embezzling "public money", under the provisions of sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes). It is a mistake to say that the crime of embezzlement of "public money", denounced by sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes), is not a graded offense, in the meaning of article 225 of the Code of Criminal Procedure. That kind of embezzlement is a graded crime or offense. An offense is said to be a graded offense when the offender is subject to a more severe penalty for a higher grade than for a lower grade of the offense, according to the terms of the statute. In 1 Bouv.Law Dict., Rawle's Third Revision,

p. 1368, and in Ballentine's Law Dictionary, and in Words and Phrases, Perm.Ed., vol. 18, p. 606, the term *Grade of Crime* is defined thus:

"Grades of crime in legal parlance are always spoken of and understood as higher or lower in grade or degree according to the measure of punishment attached and meted out on conviction, and the consequences resulting to the party convicted." Citing People v. Rawson, 61 Barb., N.Y., 619, 631.

The grade of the crime of embezzling public funds, under the provisions of sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes), is higher or lower according to the amount embezzled; and the penalty, as far as the fine goes, varies according to the grade of the crime. In fact the fine varies exactly as the grade of the crime varies, according to the amount embezzled, because the fine is virtually declared to be double the amount embezzled. The fact that the term of imprisonment does not vary according to the amount embezzled does not alter the fact that the crime is a graded crime, under the definition which we have quoted. It is essential that the indictment and the verdict for the crime of embezzlement of "public money" shall state the amount embezzled, in order for the judge to fix the amount of the fine to be imposed, because the amount of the fine is declared in the statute to be "equal to the amount of money embezzled" plus the return of the amount embezzled, which is only another way of saying that the amount of the fine shall be twice as great as the amount embezzled. There is no doubt, therefore, that the references to the "grade of the offense", in Article 225 of the Code of Criminal Procedure, do not make the article inapplicable to an indictment for embezzlement of public funds, under Sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes). Section 905 of the Revised Statutes (914 of Dart's Criminal Statutes) is not confined to public funds, but has reference to the embezzlement of any kind of money or property; and the statute has reference to embezzlement committed by a person having any kind of fiduciary relation to the one whose money or property is entrusted to him. The crime defined in this section has only two grades, according to the value of the property or the amount of money embezzled, the higher grade being in the brackets of $100 or more, and the lower grade being in the brackets under $100. But the fact that that kind of embezzlement has only two grades, depending upon whether the value of the property or the amount of money embezzled is or is not less than $100, is no reason for saying that the embezzlement of public money, under Sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes), is not also a graded crime.

Our conclusion is that, in an indictment brought under the provisions of sections 903 and 904 of the Revised Statutes (912 and 913 of Dart's Criminal Statutes), charging a public officer with embezzlement of public money entrusted to him by virtue of his office, "he may be

charged in one indictment and in one count with the embezzlement of the aggregate amount embezzled by him during the entire time of his holding such office"—as provided in article 225 of the Code of Criminal Procedure, which article is reproduced as Act 57 of 1940.

The respondents do not cite any authority that supports the ruling complained of by the district attorney. ` He cites a case which is in some measure appropriate, namely, State v. Dudenhefer, 122 La. 288, 47 So. 614, 617, decided in 1908, long before the Code of Criminal Procedure was adopted. Dudenhefer was indicted for and convicted of embezzlement of a large sum of "public money" entrusted to him by virtue of his office as tax collector. The prosecution was based upon section 903 of the Revised Statutes, as it is in this case. The indictment was in these words: "that the defendant did wrongfully use, dispose of, or conceal and otherwise embezzle", et cetera. The defendant, in a motion to quash, made numerous complaints, one of which seems to have been that several offenses were cumulated in one count. In affirming the conviction the court stated:

"We will say in passing that offenses may be charged cumulatively in one count. The rule that a defendant must not be charged with having committed two or more offenses in one count of the indictment does not apply to cumulative offenses denounced in the same statute."

Although the doctrine quoted is perhaps not exactly appropriate to the issue presented in this case, the decision cited indicates that, in an indictment of a public officer for embezzlement of public funds entrusted to him by virtue of his office, he may be charged in one count with the embezzlement of the aggregate amount alleged to have been embezzled during his tenure of office, and that it is not necessary to have a separate count for each one of a series of unlawful transactions by which the embezzlement was committed.

In the written opinion rendered by the district judge in this case it is observed that the Sheriff's Salary Fund, which formerly was entrusted to the Parish Treasurer, was entrusted to the Sheriff, ex-officio Tax Collector, by Act 17 of 1938, and therefore that the district attorney's allegation that the money alleged to have been embezzled was a part of the Sheriff's Salary Fund was a sufficient showing that it was "public money". There is no complaint about the judge's opinion in that respect.

The order complained of, ordering the district attorney to sever the indictment into more counts than it contains now, is annulled, and the case is ordered remanded to the district court for further proceedings according to the opinion which we have rendered.

PONDER, J., dissents.

FOURNET, Justice (dissenting).

This case is now before us on writs in order that we might review the ruling of the trial judge maintaining the objection of the defendant Daly J. Doucet to the lumping of several distinct acts in one and the same count in the indictment charging

him with having embezzled the funds of the State of Louisiana, the Parish of St. Landry, and the various taxing bodies of the said parish, and ordering that the indictment be severed so that each separate and distinct offense be charged in a separate and distinct count.

The record shows that several indictments and informations were returned against the defendant for the embezzling of public funds during his term of office as the sheriff and ex-officio tax collector for the Parish of St. Landry—1936-1940—including the one in controversy here. There were also several other indictments returned against other officials of St. Landry Parish for the embezzling of public funds during the same period.

The learned trial judge disposed of all of the demurrers and objections levelled at the several charges against the defendant Doucet in one opinion which reflects a thorough understanding and analysis of the issues involved and the law applicable thereto. The part of the opinion that is pertinent to the issues involved here is as follows:

" * * * There are three counts in said indictment. Count number one alleges that out of various sums of money which he received in the name of and for the account of the State of Louisiana and the various taxing bodies of the Parish of St. Landry by virtue of his office and in his official capacity as sheriff and ex-officio tax collector of said Parish, between the dates of December 1, 1939 and March 31, 1940, inclusive, the sum of $3274.06, property be-

longing to the State of Louisiana and the various taxing bodies of said Parish, Daly J. Doucet 'did feloniously and wrongfully convert to his own use and otherwise embezzle,' etc. In Count number two the same allegations are made with the exception that act charged is that Defendant 'did feloniously and wrongfully use in a manner other than as directed by law.' Count number three merely sets out purported facts relating to prescription. And a bill of particulars was filed by the District Attorney.

"The bill of particulars sets out that the money involved in the crime of embezzlement sought to be charged in said indictment was money in the Sheriff's Salary Fund which at this time, because of the change made in the law by Act 17, 1938, was entrusted to the Sheriff and Ex-Officio Tax Collector instead of being entrusted to the Parish Treasurer as was the case under the law which previously existed. These particulars may be considered along with the indictment in determining whether said indictment does set out the crime of embezzlement intended to be charged therein because a bill of particulars becomes a part of the indictment for that purpose. Of course, the bill of particulars could not be considered in ascertaining whether the bill of particulars contains a different crime than that purportedly shown by the indictment because you would then have a situation whereby the prosecution would be for a crime charged in the bill of particulars and not in the indictment and this would then be in contravention of the law which expressly provides that in cases of such a nature the prosecution must be based on an indictment

or an information, and it would result in using a bill of particulars for a purpose other than the law accords to it which is that it may be used merely to inform the accused more specifically of the facts upon which the prosecution as set out in the indictment or information is based.

"The money in the Sheriff's Salary Fund would only belong to the State of Louisiana and the other recipients of the original taxes upon which same were collected, in the proportion to the amount of the original commissions paid by each recipient under circumstances and conditions and at the time specified in the laws on that subject, which are not alleged or recited in the said indictment or bill of particulars. However, it does appear that money in the Sheriff's Salary is public money and this fact is sufficiently set out in the said indictment and bill of particulars considered together.

"Article 225 of the Code of Criminal Procedure provides that when any one by virtue of his office shall have entrusted to him any money and shall embezzle the same while so entrusted to him, he may be charged in one count with the embezzlement of the aggregate during the entire time of his holding such office, but that same statement is followed by another statement of the law separated from it by a mere comma which says that *said aggregate amount shall determine the grade of the offense charged,* and both of these statements of the law are followed by a further statement in the nature of a proviso separated from the foregoing by a semicolon which provides that proof of the embezzlement by defendant at any time during his term of office of any

part of the money withdrawn with which he shall have been trusted 'shall warrant a verdict of guilty of that grade of the offense shown by value of such money or property to have been committed.' Article 914.1 of the Code of Criminal Procedure (Act 57 of 1940, par. 1) is the same as the above and also contains the further proviso reading thus, 'provided that it shall not be lawful to cumulate separate and distinct *acts* of any two or more of the several *offenses* above mentioned in the same indictment.'

"The said Article 225 of the Code of Criminal Procedure, as well as Act 57 of 1940, Par. 1, applies only to prosecutions for embezzlement under statutes whereby the crime of embezzlement is made a graded offense, as for instance, Article 914 of the Code of Criminal Procedure (Section 905 of the Revised Statutes). In fact article 914.1 of the supplement of Dart's Code of Criminal Procedure is Act 57 of 1940, Par. 1.

"Then Article 217 of the Code of Criminal Procedure provides: " 'Except as otherwise provided under this title, *no indictment shall charge more than one crime,* but the same crime may be charged in different ways in several counts.' And Article 220 of the Code of Criminal Procedure reads: 'Except as otherwise provided under this title, *it is duplicity to include in the same count two separate and distinct offenses.'*

"For the reasons stated with reference to other indictments and informations against said Defendant it is obvious that the *indictment presently under discussion* is not with-

in the terms of Article 914 of the Code of Criminal Procedure (Section 905 of the Revised Statute). Said indictment does appear to 'be within the purview of Articles 912 and 913 of the Code of Criminal Procedure (Sections 903 and 904 of the Revised Statutes) wherein the crime of embezzlement is not made a graded offense.

"Obviously said indictment in one and the same count lumps or charges several distinct acts or offenses and there is therefore no other alternative except for the Court to be governed in this matter by article 252 of the Code of Criminal Procedure of Louisiana which authorizes the Court to 'sever such indictment into separate indictments, or into separate counts as shall be proper.' And in view of the provisions of Article 226 of the Code of Criminal Procedure the Court is of the opinion that severing said indictment in separate counts, setting forth each separate and distinct act or offense, would be the appropriate and practical method to apply to this situation."

Considerable stress has been laid in the application for these writs, as well as in the majority opinion, upon the fact that the trial judge declined to specify in particular, as requested by the district attorney, in just what manner he desired that the several counts in the indictment be severed, the judge referring the district attorney to his opinion, which he felt was sufficiently clear and explicit.

Obviously, the trial judge, knowing the history of this case, as well as that of the other cases against the defendant and his political associates, felt that in making such a request the district attorney was taking some levity with the court, for he knew that the facts upon which the indictments were returned against the defendant were well known to the district judge and the district attorney since they were made the basis of a compaign waged against the defendant and his political associates by an organization in the Parish of St. Landry known as the Voluntary Guardians of Good Government, chiefly organized and led by the Hon. Kenneth Boagni and the Hon. Seth Lewis, the present judge and attorney of the 27th Judicial District respectively, who defeated the defendant and his political associates, and that these same facts had also been made the basis of the civil suit instituted by the said Seth Lewis, district attorney, to recover the funds allegedly embezzled by Doucet. The trial judge was also well acquainted with the fact that in both the civil and criminal actions instituted against Doucet a strenuous effort had been made to have the cases tried before the same district judge and that it was only after a prolonged litigation, finally culminating in the recusation of the Hon. Kenneth Boagni (see State v. Doucet, 199 La. 276, 5 So.2d 894; State v. Manouvrier, 199 La. 300, 5 So.2d 901; and State v. Savoy, 199 La. 305, 5 So.2d 903), that he, the Hon. C. Iris Dupont, of the 18th Judicial District, was appointed by us to try the cases in order that the defendants might have fair and impartial trials, as guaranteed by the constitutions of this state and the United States.

On this point, in his return to the rule issued by us, the trial judge so appointed had this to say:

"Acting by virtue of an appointment and mandate of Your Honors I have assumed my duties and responsibilities in the numerous criminal cases against Daly J. Doucet, former Sheriff of St. Landry Parish, Lennie Savoy, Assessor of said Parish, and Antoine J. Manouvrier, Treasurer of said Parish, and also in the civil case against the said Doucet involving subject matter contained in said criminal charges. Mr. Seth Lewis is the District Attorney representing the State in said criminal cases and he has also appeared before me as one of the attorneys for the Plaintiff in said civil case against Doucet.

"Several trips to Opelousas have been made by me in connection with the above. In the criminal cases against Doucet; Savoy and Manouvrier there were applications for bills of particulars and, in certain cases, objections to the particulars furnished by the District Attorney, which were disposed of by agreement. * * *"

In his return are also found the following pertinent observations:

"An examination of the original and supplemental bills of particulars filed by the District Attorney with reference to Indictment No. 13572 (the indictment in controversy here) * * * shows that said bills of particulars contain allegations to the effect that the said lump sum of $3274.06 is alleged to have been embezzled at various times during the month of December 1939, January 1940, February 1940 and March 1940, in separate transactions with different firms, businesses and individuals and said alleged crime was perpetrated by means of checks drawn against the Sheriff's Salary Fund and made payable to said firms, businesses and individuals. And even though the District Attorney asserted in said supplemental bill of particulars that the purported illegal accounts 'were paid from the fund known and designated as Sheriff's Salary Fund as described in the indictment' *the truth is that* the District Attorney did not allege in said indictment or even intimate therein that the public funds mentioned belonged to the *Sheriff's Salary Fund*. In the said supplemental and amended bill of particulars, as stated above, the District Attorney asserted that the public funds were embezzled 'as set forth in the *separate counts* of the indictments here involved, etc.,' *but the truth is that the alleged embezzlement* is charged as one lump sum in one and the same count and not in separate counts in said indictment and information. I have made these comments concerning the original bill of particulars and supplemental bill of particulars to point out that the record reveals that the said sum of $3274.06 alleged to have been embezzled consists of the lumping together of various amounts of money purportedly embezzled in separate and distinct transactions on different dates during the period stated, that the District Attorney informed Defendant Doucet that the funds alleged to have been embezzled belonged to the Sheriff's Salary Fund of St. Landry Parish only after Defendant's attorneys filed two applications for bills of particulars in the District Court, and that the District Attorney obviously realized that the lumping of the various sums alleged to have been embezzled was not in

accordance with law because said District Attorney actually states in said supplemental bill of particulars that the public funds were embezzled as set forth in the separate counts of the indictment, etc.

"In the original bill of particulars the District Attorney declared that this prosecution under said indictment and information is based on Articles 912 and 913 of the Code of Criminal Procedure (Sections 903 and 904 of the Revised Statutes). * * *

"Now, the District Attorney has prepared numerous indictments against the defendant Daly J. Doucet in which the embezzlement charged or sought to be charged related to a single transaction. And he has never explained to the District Court nor has he attempted to explain to your Honors why he saw fit to include in one count in Indictment No. 13572 * * * an alleged embezzlement of a lump sum amount which embraces many separate and distinct transactions. Certainly if the District Attorney has evidence to support the said charge of embezzling the total amount of $3274.06, which, the record shows, relates to numerous separate and distinct transactions, it is self-evident that the District Attorney is able or should be able to sever said indictment and information so as to charge each transaction as a distinct offense in separate counts of the indictment. In issuing this order I merely followed the law cited in my written opinion and the ruling made by this Honorable Court (Supreme Court) in the following case:

"State v. Jones, 176 La. 723, 146 So. 682, Ext. Page 683: '* * * Aside from these considerations, article 252 of the Code of Criminal Procedure declares that *a misjoinder of two or more offenses charged in an indictment* shall not be a cause for quashing or setting aside the indictment, but that, if the judge be of the opinion that there is such a defect in the indictment, he may sever the indictment into separate indictments, or into separate counts, as he shall deem proper. The *judge, therefore, in this case, had authority to sever the bill of information into two counts, instead of quashing it.'*

"'* * * Article 395 of the Code of Criminal Procedure provides: 'In reaching a verdict the *jurors must rely upon their memories,* and *they shall not be allowed,* when they retire from the court room, *access to any written evidence or to any notes of the testimony of any witness,'* etc. And under articles 912 and 913 of the Code of Criminal Procedure (Sections 903 and 904 of the Revised Statutes) the penalty upon conviction is that Defendant *'pay a fine equal to the amount of money embezzled,* besides restoring the same; and shall be imprisoned at hard labor, not less than six months, nor more than five years.' Therefore, it is obvious that in rendering a guilty verdict the *jury must determine also the amount of money embezzled* so that a fine may be imposed by the Court equal to the amount embezzled in addition to the other punishment provided under said criminal statutes. The question that naturally presents itself is, is it practical or possible for the jury to hear the evidence

on the numerous separate and distinct transactions which make up the total amount of $3274.06 alleged to have been embezzled and charged in one and the same count in said indictment and then without access to any written evidence or notes of the testimony of any witness as the law so provides, retire to their room to deliberate and determine the amount that was actually embezzled, if any? I do not think that it can honestly and fairly be done. And apparently the District Attorney felt that it could not be done when he made the said incorrect statement in his supplemental bill of particulars that the public funds were embezzled 'as set forth in the separate counts of the indictment here involved, etc.' "

Being of the opinion that the trial judge did not err in his ruling ordering that the indictment No. 13572 be severed so that each separate and distinct offense be charged in a separate and distinct count, I respectfully dissent.

HIGGINS, Justice (dissenting).

My views are in accord with those of the trial judge that the law does not give the State the right to charge in one count of a bill of information, or in an indictment, various alleged offenses committed at separate times and places with different parties. To countenance this practice will certainly lead to utter confusion in the trial of the case and so involve the evidence on the trial of the merits as to confuse the issues and the jurors. The district judge did not order the indictment quashed but directed the district attorney to sever it into separate and distinct counts, alleging the respective separate offenses. The accused, under the law, is entitled to be apprised in this manner of the charges.

For these reasons, I respectfully dissent.