14 So.2d 439

STATE v. MANOUVRIER.

No. 36746.

May 17, 1943.

Rehearing Denied June 21, 1943.

See, also, 199 La. 300, 5 So.2d 901.

Eugene Stanley, Atty. Gen., Seth Lewis, Dist. Atty., of Opelousas, and R. H. Lee, Sp. Asst. Atty. Gen., for the State, appellant.

Lessley P. Gardiner, of Opelousas, for defendant and appellee.

O'NIELL, Chief Justice.

This is a prosecution for embezzlement of public money, in violation of sections 903 and 904 of the Revised Statutes, articles 912 and 913 of Dart's Criminal Statutes. The State is appealing from a judgment maintaining a motion to quash the indictment and dismissing the prosecution.

The indictment charges "that one, Antoine J. Manouvrier, * * * while acting in his capacity as the duly designated, appointed and qualified Parish Treasurer, * * * did by virtue of his said office and while acting in his official capacity as aforesaid have entrusted to his care, custody and control, for disbursement according to law, certain public moneys, property of the Parish of St. Landry, State of Louisiana, and of the various taxing subdivisions and bodies of said Parish of St. Landry, being moneys of the fund commonly known and referred to as the General Fund of the Police Jury, Parish of St. Landry, Louisiana, and he, the said Antoine J. Manouvrier, out of said sums of money, * * * on or about the 4th day of April, A. D., 1940, the sum of one hundred eighty & no/100 ($180.00) dollars, in lawful money of the United States of America, the same being public moneys, property of the said Parish of St. Landry, State of Louisiana, and various taxing subdivisions and bodies. of said Parish of St. Landry, did feloniously and wrongfully convert to his own use and otherwise embezzle, contrary to the form of the Statute of the State of Louisiana", et cetera.

The second count in the indictment is merely a repetition of the first count, except that the words "did feloniously and wrongfully use in a manner other than as directed by law" are substituted for the words in the first count, "did feloniously and wrongfully convert to his own use and otherwise embezzle".

There is a third count which merely negatives prescription.

Before moving to quash the indictment the defendant filed a motion for a bill of particulars, asking, first, for a citation of the article of the Criminal Code, or section of the Revised Statute, or act of the

Legislature, on which the prosecution was founded, and, second, to be informed as to whether the money alleged to have been embezzled, or otherwise alleged to have been wrongfully used, was withdrawn from the Parish Treasury for the expenses of the members of the Police Jury when attending a Police Jury Convention held in Lake Charles in the month of April, 1940.

Answering the motion for a bill of particulars, the district attorney averred that the prosecution was founded upon article 912 of the Louisiana Code of Criminal Procedure (section 903 of the Revised Statutes), and under article 913 of the Code of Criminal Procedure (section 904 of the Revised Statutes). The citation of articles 912 and 913 of the Code of Criminal · Procedure has reference to the corresponding articles of Dart's Criminal Statutes, which articles are, respectively, sections 903 and 904 of the Revised Statutes. Further answering the bill of particulars, the district attorney averred that the money alleged to have been embezzled, or used in a manner other than as directed by law, and converted to the use of the defendant, was withdrawn from the General Fund of the Police Jury of the Parish of St. Landry "by check drawn on said fund as follows:" Here the district attorney, in his answer, gave a copy of the voucher check on the St. Landry Bank & Trust Company, for $960, dated April 4, 1940, made payable to A. J. Manouvrièr, and signed by J. I. Beard, President, and by A. J. Manouvrier, Parish Treasurer. On the so-called inner side of the voucher check is given the address, Opelousas, La.,

the name, A. J. Manouvrier, the declaration that the Parish Treasurer will pay from the Revenue of 193– when collected, and charge to the amount appropriated 4–4, 1940, "Appropriation for Convention", $960.

Further answering the motion for a bill of particulars, the district attorney averred that out of the $960 so withdrawn by the defendant, the sum of $180 was by him feloniously and wrongfully converted to his own use, otherwise embezzled, and used in a manner other than as directed by law; that a part of the $960 withdrawn by the voucher check was used by the individual members of the Police Jury to attend a Police Jury Convention, which the district attorney was informed was held in the City of Lake Charles, in Calcasieu Parish, Louisiana.

The defendant then filed his motion to quash the indictment on the following grounds:

"(a) The said indictment charges in each count more than one offense, since in each count in the indictment there is charged a violation of both Articles 912 and 913 of the Louisiana Code of Criminal Procedure [meaning Dart's Criminal Statutes].

"(b) The said indictment entirely fails to show or disclose, nor can it be ascertained from the said indictment, how much of the money charged to have been embezzled or wrongfully used came from the State of Louisiana or taxing bodies as provided for by Article 912 of the Criminal Code [meaning Dart's Criminal Statutes], or how much came from the Parish of St.

Landry, as provided for by Article 913 of the Louisiana Code of Criminal Procedure [meaning Dart's Criminal Statutes].

"(c) That all of the foregoing is ascertainable from the indictment, answer and bill of particulars filed by the District Attorney in response to the motion for a bill of particulars filed by Mover."

■ There is no merit in defendant's first complaint, (a), that the indictment for violation of articles 912 and 913 of the Louisiana Code of Criminal Procedure (meaning Dart's Criminal Statutes) charges in each count in the indictment the commission of more than one offense. That complaint was not urged in the oral argument or in the brief for the defendant. Article 912 of Dart's Criminal Statutes (section 903 of the Revised Statutes) declares that any officer of this state, *or any other person,* who shall convert to his own use, in any way whatever, or who shall use by way of investment, or shall loan, or use in any other manner than as directed by law, any portion of public money which he is authorized to collect, or which may be entrusted to safe keeping or disbursement, or for any other purpose, shall be guilty of embezzlement; and that the neglect or refusal to pay, on demand, any public money in his hands, in the manner · required by law, shall be prima facie evidence of its conversion and embezzlement. Article 913 of Dart's Criminal Statutes (section 904 of the Revised Statutes) declares merely that the provisions and penalties of the preceding section (section 903 of the Revised Statutes or 912 of Dart's Criminal Statutes) shall extend to all officers or other persons who shall embezzle

the funds belonging to any parish or incorporated city, with the collection or safe keeping or disbursement of which funds the officer or other person may be entrusted.

■ It is obvious therefore that article 913 of Dart's Criminal Statutes (section 904 of the Revised Statutes) does not create or define another or an additional crime, but merely makes the provisions and penalties of the preceding article or section applicable to funds belonging to a parish or an incorporated city. Therefore the indictment does not charge more than one offense.

■ The second ground, (b), for the motion to quash the indictment, was not urged in the argument for the defendant and is not mentioned in his brief; that is, that the indictment does not disclose, or make it possible to ascertain, how much of the money alleged to have been embezzled came from the State of Louisiana or her taxing authorities, as provided for in article 912 of Dart's Criminal Statutes, or how much came from the Parish of St. Landry, as provided for by article 913. It is charged that the funds which were entrusted to the defendant as Parish Treasurer constituted the General Fund of the Police Jury of St. Landry Parish. There is nothing in either of the sections of the Revised Statutes referred to that requires that an indictment for embezzlement of public money shall show what proportion of the public money belonged to the State of Louisiana and what proportion belonged to the parish. The allegation that the money was public money, and was part of a fund commonly known and referred to

as the General Fund of the Police Jury of the Parish of St. Landry, is a sufficient description of the public money referred to. Therefore, this complaint in the motion to quash the indictment is without merit.

The third paragraph, (c), of the motion to quash the indictment is not really an additional complaint or ground of complaint, but is merely a declaration that the facts stated in paragraphs (a) and (b) of the motion to quash are ascertainable from the indictment and from the bill of particulars filed by the district attorney.

The complaints made in the motion to quash the indictment are amplified in the defendant's brief, thus:

"In the answer or bill of particulars of the district attorney, it is alleged that the sum of $960.00 was withdrawn by Antoine J. Manouvrier from the General Fund of the Police Jury of St. Landry Parish by a check as set forth in full therein. The district attorney has made said check a part of the bill of particulars and it must be considered along with the indictment and said answer. Said check is the usual check of the police jury, on its regular check form, reciting on the inner side the item for which issued, and contains the signatures of its president and treasurer as appears on all police jury checks. And there are no allegations charging that any irregularity or criminality was attached in any way to the issuance of said check and there are no allegations showing that said check was anything other than a check of the police jury, issued in the usual way, which it represents and appears to be. The contents of the inner and outer sides of said

check show that 'A. J. Manouvrier' was designated as the payee of said check for $960.00 in a disbursement of public funds made by the Police Jury of St. Landry Parish to A. J. Manouvrier to cover 'appropriation for convention' and obviously intended as expense money for A. J. Manouvrier and the individual members of said police jury who were to attend a Police Jury Convention at Lake Charles. There is no imputation in the indictment or in the said answer or bill of particulars signifying that the said police jury committed any crime, or was implicated in the purported crime of embezzlement sought to be charged herein against accused, by the issuance of said check as aforesaid, or that the issuance of said check by said police jury was involved in the said crime sought to be charged. In fact, without any allegations implying any wrongdoing and without any criticism whatsoever, the said answer or bill of particulars recites that 'part of the funds withdrawn by the check aforesaid was used by the individual members of the St. Landry Parish Police Jury to attend a Police Jury Convention.'

"Now, the cashing of this check resulted in a withdrawal of $960.00 from the general fund of said parish and the sum of $960.00 in cash received as a result thereof was not money belonging to the general fund of St. Landry Parish entrusted to A. J. Manouvrier by virtue of his office as treasurer of said parish, for which he could be held accountable as such. By this transaction the $960.00 lost its identity as a part of the parish funds and said money was no longer entrusted to said parish treasurer by virtue of his office. It thereby became the ex-

pense money and property of A. J. Manouvrier and the individual members of the police jury by virtue of appropriation and disbursement of the said police jury for their use in attending said convention.

"The purported criminal charge is, as appears in said answer or bill of particulars, that the accused, Antoine J. Manouvrier, feloniously converted to his own use, etc., $180.00 of the said sum of $960.00 mentioned above. The act complained of and sought to be charged is a purported illegal use by the accused of a certain portion of the money received by virtue of an appropriation, disbursement and donation made by the St. Landry Parish Police Jury to him and the individual members of said police jury, and not an alleged illegal use by accused of public funds entrusted to him by virtue of his office as parish treasurer, as the indictment alone would imply. And the indictment and the answer or bill of particulars must both be considered in determining whether or not accused is properly charged herein with embezzlement of public moneys under Articles 912 and 913 of the Code of Criminal Procedure [Dart's Criminal Statutes] (R.S. 903 and 904)."

Following the argument which we have quoted, it is contended in the defendant's brief that it may be inferred from the allegations in the indictment and in the bill of particulars that the relationship existing between the police jury, on the one hand, and the defendant and the individual members of the police jury, on the other hand, was that of donor and donees, and therefore that he, the defendant, and the

individual members of the police jury were the joint owners of the $960, and hence that it was not public money.

The argument in the brief for the defendant follows closely the reasoning in the written opinion rendered by the district judge. He contends that the $960 which Manouvrier received when he cashed the check was not public money, because it no longer belonged to the general fund entrusted to the defendant by virtue of his office as parish treasurer. The judge says that the $960 "thereby became the expense money and property of A. J. Manouvrier and the individual members of the police jury by virtue of an appropriation and disbursement of the said police jury for their use in attending said convention."

The judge refers to the $960 as an appropriation, disbursement, and *"donation"* made by the police jury. Hence the judge concludes that the $960, of which Manouvrier is charged with embezzling $180, was not public money but belonged jointly to him and the members of the police jury as a *donation* to them by the police jury. To refer to the appropriation as a *donation* is a contradiction of the allegations of the indictment and of the bill of particulars. There is nothing in the indictment or in the bill of particulars to indicate that the $960 was intended as a donation to Manouvrier or to the individual members of the police jury. The allegations in the indictment are, first, that the so-called general fund was entrusted to Manouvrier, as parish treasurer; second, that he and the president of the police jury drew a check for $960 on

that fund, in compliance with a resolution of the police jury, to pay the expenses of the individual members of the police jury in attending a convention in Lake Charles; third, that Manouvrier cashed the check and, out of the $960 proceeds of the check, disbursed a part thereof in paying the expenses of the members of the police jury attending the convention; and, fourth, that he embezzled, or feloniously or wrongfully converted to his own use, $180 thereof.

■ If as a matter of fact the $960 was appropriated not merely to pay the expenses of the individual members of the police jury, but was intended as a donation to them individually, the money did become the private funds of the police jurors individually, and was not public money, after Manouvrier cashed the check. But that is a matter of defense. It is not a necessary or reasonable inference from the allegations of the indictment, or of the bill of particulars, that the $960 was in fact a donation to the individual members of the police jury. The State will bear the burden of proof, of course, on the trial of the case, to show that the money which the defendant is accused of embezzling was public money at the time of the alleged embezzlement. As far as the allegations of the indictment and of the bill of particulars go, the $960 which Manouvrier received when he cashed the check was public money, and so long as it was not actually expended for expenses for the members of the police jury it continued to be public money.

■ It is not essential to the validity of the indictment that the defendant should have been acting in his official capacity as parish treasurer while disbursing the $960 for expenses of the members of the police jury incurred in attending the convention. The defendant's official capacity as parish treasurer is referred to in the indictment merely as the capacity in which the general fund, against which the check for $960 was drawn, was "entrusted to his care, custody and control, for disbursement according to law". Nor is it essential to the validity of the indictment that the $960 should have been entrusted to the defendant in his official capacity as parish treasurer. The statute declares that any officer of this state, *or any other person,* who shall convert to his own use, or use in any other manner than as directed by law, any portion of public money which may be entrusted to him for safe keeping or disbursement, or for any other purpose, shall be guilty of embezzlement. It is a matter of no importance, therefore, whether the defendant was entrusted with the disbursement of the $960 because of his official position as parish treasurer or because of the confidence which the police jury had in him as an individual. It is not charged that he was acting in his official capacity as parish treasurer while he was disbursing the $960 for the expenses of the members of the police jury; and certainly it is not charged that he was acting in any other capacity than as an individual and for his own personal benefit when he embezzled the $180, if in fact he did embezzle the $180.

The judgment appealed from is reversed, the motion to quash the indictment

is overruled, and the case is ordered remanded to the district court for further proceedings.

HIGGINS, J., concurs in the decree.

FOURNET and PONDER, JJ., dissent.

FOURNET, Justice (dissenting).

The defendant, Antoine J. Manouvrier, is charged with having embezzled $180 of certain public funds known and referred to as the General Fund of the Police Jury of the Parish of St. Landry, Louisiana, entrusted to his care, custody, and control for disbursement in his capacity and by virtue of his office as the duly designated, appointed, and qualified Parish Treasurer.

The district attorney, in the bill of particulars furnished in compliance with the defendant's motion, declared, among other things, that the money alleged to have been embezzled was a part of that withdrawn from the General Fund of the Police Jury of the Parish of St. Landry by a check drawn on said fund for $960, which had been appropriated to defray the expenses of the Police Jury and its secretary-treasurer at the state convention of Police Juries in Lake Charles, Louisiana.

The duties and functions of the Parish Treasurer are fixed by law with precision and in detail and I fail to find where such duties include those of receiving money for any other purpose than as designated. It necessarily follows that the evidence the district attorney proposes to offer, as stated in his bill of particulars, by which

he is bound, will be at variance with the recitals in the indictment and, therefore, inadmissible—a vain and useless procedure.

I therefore respectfully dissent from the majority opinion.