14 So.2d 924

**STATE v. SAVOY.**

No. 36747.

June 21, 1943.

Rehearing Denied July 13, 1943.

See, also, 199 La. 305, 5 So.2d 903.

Eugene Stanley, Atty. Gen., Seth Lewis, Dist. Atty., of Opelousas, and R. H. Lee, Sp. Asst. Atty. Gen., for the State.

S. Allen Bordelon, of Marksville, and Lessley P. Gardiner, of Opelousas, for appellee.

HAMITER, Justice.

Lennie Savoy, the assessor in St. Landry Parish, is being prosecuted in this case, and in causes No. 36748 and No. 36749 on the docket of this court, 14 So.2d 927, for the alleged embezzlement of public money from the Assessor's Salary and Expense Fund. The charges are made under Sections 903 and 904 of the Revised Statutes (Articles 912 and 913 of Dart's Criminal Statutes).

The appeals in all of the cases are by the State taken from judgments sustaining defendant's demurrers directed to the two bills of indictment and the bill of information. They were argued along with the appeals in the cases of State v. Doucet (5 cases) 204 La. 79, 95, 96, 97, 98, 14 So.2d 917, 922, 923, decided today by us; and during the argument it was agreed by counsel that the issues in the Savoy cases are the same as those presented by the Doucet appeals.

The Assessor's Salary and Expense Fund is composed of money contributed by all recipients of taxes, the contribution of each being in proportion to the amount of taxes received. The money is turned over to the parish treasurer "who shall account for the whole under the head of" the named fund. From that fund there are paid all salaries and expenses of the assessor's office, the payments being made by means of checks of the treasurer issued upon the presentation of warrants signed or approved by the assessor. Act No. 232 of 1928 as amended by Act No. 84 of 1936. In other words, at the time of the commission of the alleged offenses by defendant, the method for making disbursements from the Assessor's Salary and Expense Fund was identical with that for the payment of money from the Sheriff's Salary Fund.

The primary question presented for decision in the Savoy appeals is: Was the Assessor's Salary and Expense Fund intrusted to the assessor's disbursement and in his legal possession as contemplated in the embezzlement of public funds statutes? Under the authority of, and for the reasons given in, the mentioned Doucet cases the answer is in the affirmative.

The other issue raised by defendant has also been decided adversely to his interests. It is whether or not there is charged in each count of the two indictments and the bill of information more than one offense, he being accused of violating both Sections 903 and 904 of the Revised Statutes (Articles 912 and 913 of Dart's Criminal Statutes). See State v. Doucet, supra; and State v. Manouvrier, 203 La. 541, 14 So.2d 439, decided May 17, 1943.

For the reasons assigned the judgment appealed from in this cause is reversed and set aside, defendant's demurrer is now overruled, and the case is remanded for further proceedings according to law.

HIGGINS, J., concurs in part and dissents in part and assigns reasons.

FOURNET, J., dissents and assigns reasons.

PONDER, J., dissents.

HIGGINS, Justice (concurring in part and dissenting in part).

For the reasons assigned in the opinion rendered by me in the case of State of Louisiana v. Daly J. Doucet, 204 La. 88, 14 So.2d 920, this day decided, I concur in part and dissent in part from the majority opinion herein, as therein explained.

FOURNET, Justice (dissenting).

In this case, the defendant, Lennie Savoy, charged in an indictment with having, while acting in his official capacity as the assessor of St. Landry parish, embezzled $9,739.71 from the fund designated by law as the "Assessor Salary and Expense Fund," sought, by a bill of particulars (1) an itemized statement of the various amounts alleged to have been embezzled, comprising the aggregate amount of $9,739.71, as well as the dates on which these various embezzled sums allegedly came into his possession; (2) to be advised of the manner in which he is supposed to have wrongfully converted these sums, that is, whether they were received by him directly and inured to his benefit, or whether, through cash, check, or money charges given by him, they inured to the benefit of someone else; and (3) the statute under which he was being prosecuted.

In his answer to this bill of particulars, the district attorney averred that the amount the defendant was charged in the indictment with having embezzled "was obtained by him, converted to his own use, otherwise embezzled and used in a manner other than as directed by law, as set forth in the separate counts of said indictment, *by means of a design, system, plan and device whereby he,* the said defendant, *systematically* and at regular intervals *withdrew from the said Assessor's Salary Fund by means of checks or warrants drawn against said fund* for various amounts which said checks or warrants total fifty seven (57) in number and aggregate the said sum of $9,739.71; that the said defendant in pursuance of his said plan, system and device conceived by him to so embezzle public funds as aforesaid would falsely, wrongfully, feloniously, knowingly and wilfully charge the said withdrawals to various non-existent, false and unsupported expenses, allegedly, but in truth and in fact never legally incurred in the lawful operation of his office as Assessor of the Parish of St. Landry, Louisiana * * *." He attached to his answer an itemized statement of these 57 checks showing their amounts and the dates on which they were issued. He also advised the defendant that the amounts so embezzled had been received by and inured to the sole benefit of the defendant and that he was being prosecuted under Articles 912 and 913 of the Louisiana Code of Criminal Procedure. Sections 903 and 904 of Revised Statutes. (Italics mine.)

The defendant then filed a demurrer and a motion to quash the indictment on the grounds, among others, that (1) he could not be guilty of the crime of embezzlement for the reason that there existed no fiduciary relationship between him and the state, the parish, or any taxing body with relation

to the issues of the indictment; (2) the sums deposited in the assessor's salary and expense fund are not, under the law, in his custody or 'control and are not disbursable by him; and (3) the indictment is also null and void for the reason that it is unlawful, under Act No. 57 of 1940, to cumulate separate and distinct acts of any two or more of several offenses in the same indictment.

The trial judge, in a well considered opinion, maintained the demurrer and motion to quash, and ordered the defendant discharged. The state is appealing from this judgment.

In 18 American Jurisprudence 571, § 2, the crime of embezzlement is very succinctly defined as *"the fraudulent appropriation or conversion* by an agent, an employee, a corporate officer, a trustee, *a public officer,* or other person *acting in a fiduciary capacity or character, of money or property, the possession of which has been intrusted to him by another."* (Italics mine.)

During the course of his opinion, the trial judge pointed out that in order to create the fund from which the assessor's salary, expenses, and allowances are to be paid, the legislature provided that "all recipients of taxes, whether State, parish, school, levee, drainage, or others, shall contribute their full proportion of the total due in accordance with the amount of taxes to be received by each, and shall pay same over to the Parish Treasurer, who shall account for the whole under the head of 'Assessor Salary and Expense Fund.' The

payment of the Assessor's salary and allowance shall be prorated among the State, parish, school, levee, drainage and other recipients of taxes in proportion to the amount of taxes to be received by each, and each recipient shall contribute his proper proportion of the said salary and allowances in accordance with law, when said tax rolls are filed as hereinafter provided for." Section 3 of Act No. 232 of 1928, as amended by Section 1 of Act No. 84 of 1936. See, also, Section 8217 of Dart's General Statutes. The salaries of the various assessors, as well as their expense allowances and the expenses of their offices, *"shall be paid by the Parish Treasurer to said Assessors monthly on warrants signed or approved by said Assessors."* Section 1 of Act No. 21 of 1938, amending Section 6 of Act No. 232 of 1928 as amended by Act No. 84 of 1936. See, also, Section 8220 of Dart's General Statutes.

Thus it may be seen that the assessor is not entrusted with the money either by virtue of his office or otherwise, this money being entrusted to the Treasurer of the Parish by virtue of his (the treasurer's) office. It is the treasurer who receives the prorata contributions of the various tax recipients; it is the treasurer who disburses these contributions; and it is the treasurer who must account therefor.

It is equally obvious that the assessor bears absolutely no fiduciary relationship toward the assessor's salary and expense fund and cannot be amenable to the statutes under which he is being prosecuted,

for he is not the official authorized to collect this public money. Nor is he entrusted with its keeping for disbursement purposes. He is not required by law to render any accounting thereof.

The allegation in the indictment charging that the assessor is entrusted with the assessor's salary and expense fund is nothing more than a conclusion, not borne out by the facts. The same may likewise be said with respect to the allegations in the indictment that the defendant embezzled the public money which he had in his possession. Consequently, since an indictment must allege every essential and material fact going to constitute the offense charged with precision and certainty, it is my opinion that the indictment in this case was properly quashed.

It is also my opinion that under the averments in the district attorney's answer to the defendant's motion for a bill of particulars, if the defendant is guilty of having committed any crime at all, these averments conclusively show he was guilty of obtaining money under false pretenses or by a confidence game, that is, that "by means of a design, system, plan and device * * * he * * * systematically * * * withdrew from the Assessor's Salary Fund by means of checks or warrants drawn against said fund * * * $9,739.-71," and that "in pursuance of his said plan, system and device conceived by him" he did "falsely, * * * charge the said withdrawals to various non-existent, * * * expenses."

I, therefore, respectfully dissent from the majority opinion.