HAMITER, Justice.
 

 In two counts of a bill of information filed on July 10, 1941, the District Attorney for the Parish of Orleans charges defendant with having embezzled during the year 1936, certain funds entrusted to his care and keeping while employed by the Department of Conservation of the State of Louisiana. Another, or the third, count of the information purposes to negative the accruing of prescription, and it recites that the District Attorney “does further give the said court here to understand and be informed that although more than one year has elapsed since the commission of the aforesaid offenses, in manner and form as aforesaid, yet
 
 more than one year has not elapsed
 
 since the commission of
 
 the
 
 aforesaid offenses was made known to the Judge, District Attorney, or Grand Jury having jurisdiction thereof”.
 

 
 *343
 
 Defendant attacked the information through a written motion, urging that it shows on its face that the crime alleged has prescribed. This plea of prescription was overruled; and thereafter defendant successfully invoked the supervisory jurisdiction of this court, thus bringing the case before us for review.
 

 It is provided in Article 8 of our Code of Criminal Procedure that “no person shall be prosecuted, tried or punished for any offense, murder, aggravated rape, aggravated kidnapping, aggravated arson, burglary in the nighttime, burglary in the daytime, armed robbery, and treason excepted, unless the indictment, information, or affidavit for the same be found or filed
 
 within one year after the offense shall have been made known to the judge, district attorney or grand jury having jurisdiction,
 
 * *
 

 And, according to the well established jurisprudence of this state, an information or indictment, in cases where the crime charged has been committed more than a year before the bill’s filing, is an absolute nullity if it does not contain an allegation negativing prescription. See State v. Oliver, 193 La. 1084, 192 So. 725, and cases therein cited.
 

 In the instant case, as the record shows, several years elapsed between the dates of relator’s (defendant’s) alleged commission of the embezzlement acts and the time when the formal charge was placed against him; and, therefore, it was essential that the prescription of one year be properly negatived in the information. Relator insists that this legal requirement has not been met.
 

 First, relator contends that the district attorney, in count three, “has negatived knowledge on the part of the district attorney, the judge and the grand jury but has failed to negative knowledge on the part of the attorney general who is ‘an officer having the power to direct a public prosecution’ and that, therefore, the district attorney has failed to negative the existence of facts necessary to a suspension of prescription.”
 

 Under this first contention he directs attention to Section 986 of the Revised Statutes of 1870, as last amended by Act 67 of 1926, which reads:
 

 “No person shall be prosecuted, tried or punished for any offense, wilful murder, arson, rape, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one (1) year next after the offense shall have been made known to a public officer having the power to direct a public prosecution. * * * ”
 

 Then he says that the attorney general is a “public officer having the power to direct a public prosecution”, and that the quoted section of the Revised Statutes was not changed or repealed by Article 8 of the Code of Criminal Procedure which relates specifically to knowledge on the part of the judge, district attorney or grand jury having jurisdiction.
 

 This court had occasion to consider both of those provisions in State v. Bussa, 176 La. 87, 145 So. 276, 281. Therein we observed that the Code of Criminal Procedure in no manner changed the prescriptive period of one year established by Section 986
 
 *345
 
 of the Revised Statutes, as amended; and, after quoting from each, the following comment is given:
 

 “Therefore, the only change made in the Code as to prescription is in regard to what allegations the bill must contain to negative prescription.
 

 “Before the adoption of the Code of Criminal Procedure the required allegation was that the offense charged was not known to a public officer having the power to direct a public prosecution, and since its adoption the necessary allegation is that the offense charged was not known ‘to the judge, district attorney or Grand Jury having jurisdiction.’ ”
 

 Relator, however, points out that the Bussa case was decided in 1932, at which time Article 17 of the Code of Criminal Procedure stated:
 

 “Subject to the supervision of the Attorney-General, as hereinafter provided, the District Attorney shall have entire charge and control of every criminal prosecution instituted or pending in any parish wherein he is district attorney, and shall determine whom, when, and how he shall prosecute; provided, that every district attorney shall have the right to employ or to accept the assistance in the conduct of any criminal case of such counsel as to him may seem fit. * * * ”
 

 Further he shows that at such time Article 156 of the Code of Criminal Procedure provided:
 

 “Whenever any district judge or district attorney shall be informed that a crime has been committed in his district, and that no complaint or declaration thereof has been made before any committing magistrate, he shall inquire into the- fact by causing all persons he shall suppose to have some knowledge of the fact to be summoned before a court of competent jurisdiction, in order that their depositions may be taken.”
 

 Then the argument is advanced that in as much as those laws made it the exclusive province of the district attorney to determine whom, when and how he should prosecute, and they required such official and also the district judge to make inquiry into crimes about which formal complaint had not been made, “the negativing of prescription against the judge, the district attorney and the grand jury constituted the negativing of prescription against every public officer having the power to direct a public prosecution.” But in 1934, he further argues, the Legislature, by Act 24 of the First Extra-ordinary Session of that year, amended Articles 17 and 156 of the Code of Criminal Procedure so as to permit the attorney general to relieve, supplant and supersede the district attorney in any criminal proceeding, with full power to institute and prosecute criminal proceedings, thus constituting the attorney general the chief public officer having the power to direct prosecutions; and he being such, and having the power of interrupting the running of prescription by the filing of an information, the negativing of prescription as to him, the attorney general, has since been and is now required.
 

 If it can be said that Act No. 24 of the First Extra-ordinary Session of
 
 1934
 
 was intended by the Legislature to change the
 
 *347
 
 law as relator contends, regarding which intent we express no opinion, no such change was actually effected. That statute in the recent case of Kemp, Jr., District Attorney, v. Stanley, Attorney General, 204 La. 110, 15 So.2d 1, was held to be unconstitutional. Therefore, the law now requires, the same as when the Bussa case was decided, the making of an allegation in the information that the offense charged was not known to the judge, district attorney or grand jury having jurisdiction. The attorney general need not be named therein.
 

 The second ground for relator’s insistence that the information fails to negative the running of prescription is that count three thereof uses the clause “yet
 
 more than one year has not elapsed
 
 since the commission of the aforesaid offenses was made known to the judge, district attorney * * instead of alleging in the language of the statute that the information is filed
 
 "within one year
 
 after the offenses shall have been made known * * And, with reference to this complaint, relator says:
 

 “ * * * The proper language to use in the information is ‘that said offense had not been made known to the District Attorney within one year from the filing of this information.’ The District Attorney has chosen to use language other than the language of the statute.
 
 If such language is equivalent to the words of the statute, the information is good. If the language used in the information is not equizmlent to the language of the statute, then the information is not good.
 
 It is beyond dispute that the negativing of prescription in the information is sacramental.” (Italics ours.)
 

 There can be no question, as relator states and as we have shown above, that an information charging a crime committed more than one year before its filing must appropriately negative the one year prescriptive period. This is sacramental; a failure so to do renders the information fatally defective.
 

 Also the law indisputably is that a criminal statute must be strictly construed and all ambiguities therein are to be interpreted favorably to the accused. That legal principle is firmly imbedded in the jurisprudence of our state; but it has no application to the question presently before us. The statutory provision now being considered — “within one year” — is unambiguous, and we are merely required to determine, as relator points out, whether the language used in the information is equivalent to it. In other words our duty here is not that of construing the mentioned phrase, “within one year”, found in Article 8 of the Code of Criminal Procedure, for it has a well-recognized meaning; rather we are to interpret the language of the information and decide whether it equals in significance and import that phrase as it is commonly used and understood.
 

 The preposition “within”, according to. Webster’s New International Dictionary, is defined as:
 

 “1. In the inner or interior part of; inside of; not without; as, happiness lies within a man. * * * 2. In the limits or compass of; specif.: a Not farther in length than; as, within five miles, b Not
 
 *349
 
 longer in time than; before the end or since the beginning of; as, within an hour, c Not exceeding in quantity or degree; as, expenses kept within one’s income. 3. Hence, inside the limits, reach, or influence of; as, within call, hearing, reach, sight; not going outside of; not beyond, overstepping, or the like.”
 

 The phrase “within one year” deals with the element of time. Time is not a static thing. It is, as the poet says, fleeting; it is continuous and moves constantly from one phase to another. It waits for no man. If a person is required to perform an act within a given year, and he does it before the end of that period, even on the last fractional second thereof no matter how small, his efforts are timely. If, on the other hand, the last instant of the year is allowed to pass without performance but he acts on the very next infinitesimal fraction of a second, he performs untimely; he is then in a new period, not within but without the given one, and more than the year has elapsed. The act must be done either within the year or without the year; there is and can be no intermediate point.
 

 The following illustration, although not dealing with the element of time, is appropriate. If a physician states to a patient that the cost of an operation will be “within $200”, and, following a performing of the services, a statement is rendered for exactly $200, that charge is “within $200”. Or if he says that the cost will be “not more than $200”, a charge of $200 is still within the $200. At the exact point of $200 the cost is neither less than nor more than $200; yet it is within that amount.
 

 Similarly, as to the time element, the last moment of the prescription of one year is within the prescriptive period. But on the passage of such moment it is incorrect to use the phrase “within such period”; neither can it be correctly said that “more than one year has not elapsed”, because more than a year has elapsed.
 

 The expression “more than one year has not elapsed since”, as used in the information under consideration, means the same as “not more than one year has elapsed since”, or “not longer than one year has elapsed since”, or “before the end of one year”. Hence, such expression, tested by the above quoted definition of the preposition “within”, is equivalent to the phrase “within one year since”. Any other construction would be strained and unreal.
 

 In the brief of relator’s counsel we find the following:
 

 “The District Attorney has been pleased to say that the second year had not begun when knowledge was brought to him. He has not said that the first year had not ended. Certainly knowledge can be brought to you within the year without more than the year elapsing. The first second of the second year would have been the first period of time for the expression ‘more than one year’ to be properly used. The last second of the first year would have been the period of time for the expression ‘within the year’ to be used. As ‘within one year’ has one meaning and ‘more than one year’ another meaning, the two phrases differ and the use of the second phrase does
 
 *351
 
 not comply with the sacramental requirements of the statute. * *
 

 We agree thoroughly with the proposition that the last second of a given year falls within such year, and that on the occurrence of the succeeding second more than the year has elapsed. Further, we agree that there is a vast difference in meaning between the phrases “within one year” and “more than one year”. But, in making the quoted argument, relator’s counsel ignores the all important negative, the word “not”, which the information filed against this defendant contains. A statement that “more than one year has elapsed” is quite unlike an allegation that “more than one year has not elapsed”. The district attorney employed this last-mentioned language.
 

 There are numerous decisions in the jurisprudence of this state dealing with Section 986 of the Revised Statutes of 1870, as amended, and Article 8 of the Code of Criminal Procedure, many of which are cited and quoted from in the brief of relator’s counsel; but in none did there arise the matter of interpreting the clause of an information or indictment similar to the one before us. Most of them treated with the necessity of negativing the one-year prescription, a well-recognized general principle of law to which we above direct attention.
 

 Only one of those cited cases, because of the inappropriate language therein used, is deserving of special comment here, it being that of State v. Hoffman, 120 La. 949, 45 So. 951, 952, In it the following was said:
 

 “The information was filed more than one year after the bank had closed its doors; hence, in order to show that the defendant was liable to prosecution, it became necessary to allege that an indictment had been found and that it had not been set aside
 
 until within less than a year
 
 before the filing of the information; and an allegation to that effect was accordingly made in the information. * * * ” (Italics ours.)
 

 The word “less” was erroneously used therein by the court, as Section 986 of the Revised Statutes, which was being considered, employed the phrase “within one year” and not “within less than a year”. Furthermore, the sufficiency of the indictment was not being tested; instead the court was only required to pass upon the admissibility of certain evidence offered by the state in proof of the indictment’s allegations.
 

 The district court’s overruling of the plea of prescription is correct; and, for the reasons above assigned, the writs heretofore granted are recalled and the relief requested by relator is denied.
 

 HIGGINS, FOURNET, and PONDER, JJ., dissent.