HAMITER, Justice.
 

 The appeals of the State of Louisiana in these cases present a question of law identical with one considered by us in State v. Gehlbach, 17 So.2d 349
 
 [1]
 
 on the docket of this court, a rehearing in which is this day refused. It is whether or not a bill of information or indictment properly negatives the running of prescription by using the language “yet more than one year has not elapsed since the commission of the aforesaid offenses was made known to the judge, district attorney, * * * ” instead of alleging in the language of the statute (Article 8, Louisiana Code of Criminal Procedure) that the indictment or information was found or filed within one year after the offenses were made known to the judge, district attorney, et cetera.
 

 The question was answered affirmatively in the Gehlbach case; and for the reasons therein stated it is similarly determined here.
 

 Therefore, the rulings of the trial judge sustaining the pleas of prescription and dismissing the prosecutions are annulled and set aside; the pleas of prescription are now overruled; and both cases are remanded to the district court for further proceedings.
 

 HIGGINS, J., dissents for reasons assigned by him in State v. Gehlbach, 206 La. 340, 17 So.2d 349.
 

 FOURNET, J., dissents, see dissenting opinion State v. Gehlbach, 206 La. 340, 17 So.2d 349.
 

 PONDER, J., dissents.
 

 [1]
 

 205 La. 340.