O’NIELL, Chief Justice.
 

 The tax assessor for the Parish of St. Landry was indicted by the grand jury for the crime of embezzlement of $9,739.71 of public funds during his tenure of office. He filed a motion for a bill of particulars, asking (1st) for an itemized statement of the withdrawals composing the $9,739.71, showing the amount and date of each item alleged to have been embezzled; (2nd) the particulars showing whether he was charged with receiving directly the items making up the $9,739.71, or whether any of the items were paid to or inured to someone else; and (3rd) to be informed of the statute or of the section of the Revised Statutes which he was accused of violating.
 

 The district attorney, answering the motion for a bill of particulars, cited sections 903 and 904 of the Revised Statutes, as the law under which the defendant was being prosecuted, and averred that the embezzlement was committed by means of a system, plan and device whereby the defendant, systematically and at regular intervals, withdrew from the assessor’s salary fund by means of checks or warrants drawn against the fund for various sums amounting to the total sum of $9,739.71, represented by 53 checks or vouchers. The dis-strict attorney further averred that, in pursuance of the alleged plan, system and device, conceived by the defendant to embezzle the public funds entrusted to him, he falsely, wrongfully and feloniously charged these withdrawals to false and unsupported items of expense, which in truth and in fact were never legally incurred in the operation of his office as tax assessor. The district attorney annexed to his bill of particulars a list of the checks or vouchers for the various sums making up the $9,739.71 alleged to have been embezzled. The list shows the serial number and the date and amount of each check or voucher,
 
 *653
 
 drawn by the parish treasurer and made payable to the defendant, Lennie Savoy. It is said in the judge’s answer to the writ of certiorari that the list comprises 57 checks or vouchers, but it appears that the last 4 on the list were erased.
 

 After the bill of particulars was filed the defendant filed a motion to quash the indictment on the ground — among other grounds — that the “lumping together” of the several separate and distinct acts — meaning withdrawals — was not permissible except in cases coming under the proviso in article 225 of the Code of Criminal Procedure, and that this article, either as originally adopted or as amended by Act No. 57 of 1940, was not applicable to the crime of embezzlement of public funds, denounced by sections 903 and 904 of the Revised Statutes, because the embezzlement of public funds denounced by these sections was not a graded crime, and that the article of the Code of Criminal Procedure and the. act of 1940 were applicable only to graded crimes of embezzlement. The judge maintained the defendant’s demurrer, quashed the indictment and dismissed the prosecution; whereupon the state appealed, and this court reversed the judgment, overruled the defendant’s demurrer and ordered the case remanded to the district court for further proceedings. State v. Savoy, 204 La. 99, 14 So.2d 924.
 

 Thereafter the defendant filed in the district court a plea of prescription of one year, contending that the averment in the indictment which was intended to negative prescription was so worded that it had no effect. The indictment was filed on October 10, 1941, and the charge in the indictment was that the acts of embezzlement were committed between the 27th day of February 1937 and the 30th day of April 1941, both dates included. A prosecution for embezzlement is subject to the prescription of one year; hence the defendant contended that the prosecution was barred as to all of the withdrawals of the funds represented by checks or vouchers dated previous to October 10, 1940, which vouchers amounted to $8,166.88, — leaving a balance of only $1,572.86, of the total $9,-739,71 stated in the indictment. The allegation which was intended, in the indictment, to negative prescription was expressed thus: “that although more than one year has elapsed since the commission of certain of the acts * * * yet more than one year has not elapsed since the commission of same were known to the judge, district attorney, grand jury, or other officer having jurisdiction thereof.”
 

 According to article 8 of the Code of Criminal Procedure a prosecution for embezzlement is barred by prescription “unless the indictment, information, or affidavit for the same be found or filed
 
 within one year
 
 after the offense shall have been made known to the judge, district attorney or grand jury having jurisdiction”. We have italicized the phrase “within one year” because the point made in the defendant’s plea of prescription was that the phrase used in the indictment, “more than one year has not elapsed”, was not the same as to say that one year had not elapsed, or that the indictment was found “within one year after the offense was made known”, et cetera. On that
 
 *655
 
 ground the judge maintained the plea of prescription as to all sums of money alleged to have been embezzled previous to October 10, 1940, — that is to say, previous to the period of one year before the indictment was filed, — which items, as we have said, amounted to $8,166.85 and therefore left the indictment valid only for the embezzlement of $1,572.86 of public funds. The judgment maintaining the plea of prescription as to the items aggregrating $8,-166.85 was rendered on September 21, 1943, which was previous to the rendering of the judgment by this court overruling a similar plea of prescription in the case of State v. Gehlbach, 17 So.2d 349. The Gehlbach case has been held up on an application for a rehearing until the court hears arguments in two other cases, entitled State v. Doucet, in which the judge who maintained the plea in the present case also maintained similar pleas of prescription. See State v. Doucet, La.Sup., 17 So.2d 907.
 

 We doubt that the district attorney in this case had the right to appeal from the judgment which only partially maintained the plea of prescription, because the judgment did not put an end to the prosecution but merely reduced the grade of the crime charged in the indictment and thus reduced the penalty that might be imposed for the crime charged, so far only as the fine is concerned. But, whether the district attorney might have appealed from the judgment, or might have asked this court to exercise its supervisory jurisdiction, is a matter of no importance now, because the district attorney acquiesced in the ruling on the plea of prescription by offering to proceed with the prosecution for the embezzlement of the remaining sum of $1,572.86 of public funds. In fact, on the suggestion of the judge, the district attorney amended the bill of indictment so as to charge that the defendant had embezzled $1,572.86 of public funds between the dates, October 30, 1940, and April 30, 1941, both dates included. The sum of $1,572.86 is represented by seven of the checks or vouchers described in the bill of particulars and dated subsequent to October 30, 1940, — the earliest in date being dated October 31, 1940, and the latest in date being dated April 30, 1941 — • as shown on the list which had been attached to the bill of particulars. The suggestion which the judge made, and in response to which the district attorney amended the indictment, was stated thus: “that out of an abundance of caution it would be best for the district attorney to modify the original indictment with a statement in writing omitting the offenses of embezzlement that had been eliminated from the case by the decision of the court maintaining in part the plea of prescription”.
 

 After the district attorney had filed the amended indictment, and before the defendant was arraigned under the amended indictment, his attorney filed a motion to compel the district attorney “to elect on which charge he will [would] proceed”. The purpose of the motion was to compel the district attorney to try the defendant separately for the embezzlement of each one of the seven items remaining on the list attached to the bill of particulars, and therefore to try him then for the embezzlement of only one of the seven items. The judge maintained the motion to compel the district attorney to elect, and thus forbade him
 
 *657
 
 to try the defendant for embezzlement of more than one item at one time, of the items listed on the bill of particulars. The judge declared that he based his ruling upon article 226 of the Code of Criminal Procedure, which the judge said gave the defendant the right to compel the district attorney to make the election. The judge declared also that the $1,572.86, of which the defendant was charged with the crime of embezzlement, was “made up by [of] separate and distinct transactions represented by checks payable to defendant and issued by the parish treasurer on different dates between October 30, 1940, and the filing of this indictment.”
 

 The district attorney excepted to the ruling and gave notice in open court of his intention to apply to the supreme court for writs of certiorari, prohibition and mandamus.
 

 Inasmuch as the district attorney acquiesced in the ruling of the judge maintaining in part the defendant’s plea of prescription, the only question before the court now is whether the judge was right or wrong in his ruling on the defendant’s motion to compel the district attorney to elect, and thus to compel him to try the defendant separately for the embezzlement of each one of the items — one at a time — as listed on the bill of particulars.
 

 The ruling in this case is declared by the judge to be founded upon his interpretation of article 226 of the Code of Criminal Procedure, which provides that the right to compel the district attorney to elect upon which charge he will proceed, whether the charges are contained in the same count or in separate counts in the indictment, “is confined to cases where the indictment contains charges which are entirely distinct and grow out of different transactions.” The article is as follows:
 

 “The right to compel the district attorney to elect on which charge of an indictment he will proceed, whether the charge be contained in the same count or in separate counts, is confined to cases where the indictment contains charges which are entirely distinct and grow out of different transactions; and the motion to compel such election can be made only before the trial begins.”
 

 That article is not applicable to this prosecution because of the proviso in article 225 of the Code of Criminal Procedure that when a person holding a public office or fiduciary employment shall be charged with embezzlement of funds entrusted to him “he may be charged in one indictment and in one count with the embezzlement of the aggregate amount embezzled by him during the entire time of his holding such office, employment or relationship, which said aggregate amount shall determine the grade of the offense charged.” That article was amended and re-enacted by Section 1 of Act No. 147 of 1942, so as to conform with article 67 of the Louisiana Criminal Code, defining as “theft” the several cognate crimes theretofore listed in article 225 of the Code of Criminal Procedure, namely, stealing, embezzlement, obtaining money by false pretenses, and swindling. The proviso in article 225, therefore, either as the article was adopted originally, or as amended by
 
 *659
 
 Act No. 57 of 1940, or as amended by Act No. 147 of 1942, would serve
 
 no
 
 purpose whatever if the district attorney could be compelled, in a prosecution for embezzlement, to elect to try the defendant separately for each one of the items making up “the aggregate amount embezzled by him during the entire time of his holding such office.” The ruling of the district judge on that subject is in accord with his former ruling in this case, and in the case of State v. Doucet, in both of which cases the ruling was reversed by this court on appeal. We refer to State v. Doucet, 202 La. 1074, 13 So.2d 353, and the present case, State v. Savoy, 204 La. 99, 14 So.2d 924. The judge in both cases ruled that the district attorney should not have “lumped” what the judge characterized as “several distinct acts or offenses” in one count in the indictment. By the term “several distinct acts or offenses” the judge referred to the several items which the defendant, in each case, was accused of embezzling, and which made up the “aggregate amount” of which he was accused of embezzling “during the entire time of his holding the office, employment or relationship.” The judge based his previous rulings — which this court reversed- — not only upon article 252 of the Code of Criminal Procedure, allowing the judge to sever an indictment into separate counts, or even into separate indictments, if “there is a misjoinder of the offenses charged in the indictment”, but also upon the same article, article 226, on which he based the ruling which we are considering now. That fact appears in the published report of the Doucet case, on page 1090 of the 202 La., and on page 358 of 13 So.2d, where we quoted from the judge’s ruling, thus :
 

 “And in view of the provisions of article 226 of the Code of Criminal Procedure the court is of the opinion that severing said indictment into separate counts, setting forth each separate and distinct- act or offense, would be the appropriate and practical method to apply to this situation.”
 

 The theory on which the judge based his former ruling — which we reversed — was that the total sum of the misappropriations charged in the indictment constituted as many "distinct acts or offenses” as there were items on the list of withdrawals making up the aggregate amount- alleged to have been embezzled during the defendant’s tenure of office. It is on that theory —that there are as many separate and distinct crimes charged in the indictment in this case as there are items on the list of misappropriations — that the judge now orders the district attorney to elect to try the defendant for the embezzlement of only one of the items on the list. Since we have rejected the theory already, in the case of State v. Doucet, 202 La. 1074, 13 So.2d 353, and in the present case, State v. Savoy, 204 La. 99, 14 So.2d 924, we are obliged to reverse the ruling now complained of.
 

 The only appropriate decision cited by either side on the subject, in the reported Doucet case, was State v. Dudenhefer, 122 La. 288, 47 So. 614, 617, decided in 1908. Dudenhefer was convicted of embezzlement of a large sum of money entrusted to him by virtue of his office as tax collector. The prosecution was founded upon articles 903 and 904 of the Revised Statutes, as it is in
 
 *661
 
 this case. Dudenhefer, in a motion to quash the indictment, made numerous complaints, one of which apparently was that the indictment for the aggregate amount alleged to have been embezzled constituted an indictment for as many crimes of embezzlement as there were misappropriations of the public funds during the defendant’s tenure of office. Answering the argument, the court expressed an opinion which we quoted in the Doucet case, 202 La. 1101, 13 So.2d 362,—thus:
 

 “We will say in passing that offenses may be charged cumulatively in one count. The rule that a defendant must not be charged with having committed two or more offenses in one count of the indictment does not apply to cumulative offenses denounced in the same statute.”
 

 The district judge, in his answer to the rule issued by this court, to show cause why his ruling that the “defendant is entitled to receive a separate trial for each of the seven offenses mentioned” should not be reversed, cites the following decisions to sustain the ruling: State v. Batson, 108 La. 479, 32 So. 478; State v. Roberts, 170 La. 727, 129 So. 144; State v. Cormier et al., 171 La. 1035, 132 So. 779; State v. McGowan, 176 La. 26, 145 So. 127; State v. Morrison, 184 La. 39, 165 So. 323; State v. Cannon, 185 La. 395, 169 So. 446; State v. O’Day, 191 La. 380, 185 So. 290.
 

 The judge’s holding that the “defendant is entitled to receive a separate trial for each of the seven offenses mentioned” means that the judge insists — notwithstanding the proviso in article 225 of the Code of Criminal Procedure — that each one of the alleged misappropriations which make up the aggregate of $1,572.86 alleged to have been embezzled during the defendant’s tenure of office constitutes a separate and distinct offense, entitling the defendant to seven separate trials. None of the decisions cited by the judge is at all appropriate to his ruling in this case, because in none of the cases cited was the defendant prosecuted for embezzlement. That crime alone is governed by the proviso in article 225 of the Code of Criminal Procedure. As a general rule, the crime of embezzlement, when committed by a public officer or by an employee holding a fiduciary relation to the victim of the crime, consists of a series of unlawful transactions. That is the obvious reason why the lawmaker adopted the proviso in article 225 of the Code of Criminal Procedure, declaring that in a prosecution for embezzlement the defendant may be indicted in one count for the embezzlement of the aggregate amount embezzled during the time of his holding the office or employment. It is illogical to say, of an indictment which is drawn in conformity with the proviso in article 225 of the Code of Criminal Procedure, and which charges, in one count, that the defendant embezzled the aggregate amount of a series of misappropriations committed during his holding one and the same term of office or employment, that “the indictment contains charges which are entirely distinct and grow out of different transactions”, and hence that, under article 226 of the Code of Criminal Procedure, the defendant is entitled to have as many separate trials as the number of misappropria
 
 *663
 
 tions which he is said to have committed during his term of office or employment.
 

 Adverting now to the cases cited by the district judge to sustain his ruling in this case, we find that they were all cases in which the defendants were prosecuted for crimes of violence,- — such as murder or manslaughter, or robbery, or cutting with intent to murder, — but not for the crime of embezzlement, to which alone the proviso in article 225 of the Code of Criminal Procedure is applicable.
 

 For example, in the earliest case cited by the judge, — State v. Batson, decided in 1902, — the defendant was charged in one count in the indictment with the murder of six members of a family; and he moved to quash the indictment on the ground that it charged six crimes in one count. The motion was overruled and Batson was tried and convicted and was sentenced to be hanged. On appeal, this court (before the adoption of the Code of Criminal Procedure) affirmed the ruling overruling the motion to quash the indictment because the murdering of the six persons was done in one continuous act. From the opinion rendered in that case (108 La. loc. cit. 482, 32 So. loc. cit. 479) the judge, in his answer to the rule which we granted in the present case, quotes the following expression— which is not appropriate to a case governed by the proviso in article 225 of the Code of Criminal Procedure, — viz:
 

 “If, however, the testimony shows that the killing of two [or more] persons was not done by one act, the defendant has the right to compel the 'state to elect upon which charge it will proceed.”
 

 In State v. Roberts, decided in 1930, the 'defendant was charged in two separate indictments with the murder of a woman and her son. He was tried first for the murder of the woman and was convicted, but without capital punishment. After he was sentenced to life imprisonment for murdering the woman, he was tried for murdering the son and was convicted and sentenced to suffer the penalty of death. When called for trial for the second murder he invoked, without avail in the trial court, article 218 of the Code of Criminal Procedure, averring that the two killings were done at one time and as one transaction. On appeal this court reversed the ruling of the district judge on the showing that the killing of the mother and son was done at one time and in one felonious transaction. Article 218 provided that when two or more crimes resulted from a single act, or from one continuous unlawful transaction, only one indictment would lie, but that each of said distinct crimes, though some of them were felonies and others misdemeanors, might be separately charged in separate and distinct counts in the same indictment. That article of the Code of Criminal Procedure was repealed by Act No. 153 of 1932, but, in the case of State v. Turner, 178 La. 927, 152 So. 567, in January 1934, this court said that the repeal of article 218 of the Code of Criminal Procedure by Act No. 153 of 1932, relating to the charging of two or more crimes in separate counts in one indictment, did not affect the common-law rule on the subject.
 

 In State v. Cormier et al., decided in 1931, the defendants were indicted in two separate indictments, charging, respectively, the
 
 *665
 
 crime of cutting Gabriel Thibodeaux with a dangerous weapon with intent to murder, and the crime of killing Leonce Thibodeaux. The defendants were tried only under the indictment for cutting Gabriel Thibodeaux with a dangerous weapon with intent to murder, and were convicted of the less serious crime of cutting with a danerous weapon with intent to kill, and were sentenced accordingly. After the conviction and sentence were affirmed by this court (171 La. 327, 131 So. 36) the State undertook to prosecute the defendants under the indictment for the crime of manslaughter, for the killing of Leonce Thibodeaux. The defendants moved to quash the indictment on the ground that the alleged crime of manslaughter and the alleged crime of cutting Gabriel Thibodeaux with a dangerous weapon with intent to murder, or with intent to kill, were the result of one continuous transaction, and therefore should have been charged in the same indictment if the State intended to prosecute the defendants for both crimes. The motion to quash the indictment was maintained, and the State appealed, and on appeal this court reversed the judgment and overruled the motion to quash.
 

 In State v. McGowan et al., decided in November 1932, the defendants were charged jointly in one bill of information, but in six separate counts, with six crimes of robbery, it being alleged in the indictment that the six crimes resulted from one continuous unlawful transaction; and it was held that, under article 218 of the Code of Criminal Procedure, the defendants were charged rightfully in only one indictment. It was observed in the opinion rendered in that case that article 218 of the Code of Criminal Procedure had been repealed by Act No. 153 of 1932, but that the repealing act had not gone into effect at the time of the trial and conviction of the defendants, and therefore had no application to the case.
 

 In State v. Morrison et al., decided in 1935, the defendants were indicted in one count in an indictment for the murder of a mother and her child, and were convicted and sentenced to be hanged. On appeal the only question presented was in the complaint that the defendants were tried at one time for two crimes. They contended in a motion for a new trial that the evidence showed that the two killings did not result from a single act or from one continuous unlawful transaction, and hence that they should have been indicted — if indicted at all — for each homicide separately. This court concluded from the facts stated in the bill of exception, as amplified by the statement of the judge, that the murdering of the mother and child constituted one continuous felonious transaction and hence that the defendants were charged rightfully in only one indictment.
 

 In State v. Cannon, decided in 1936, where the defendant shot and killed two women, it was held that the two killings constituted one continuous unlawful transaction, and hence that there should have been only one indictment.
 

 The error made in this case is a simple one. It is in the attempt of the defendant to apply the general provisions of article 226 of the Code of- Criminal Procedure to a prosecution for embezzlement, which is the
 
 *667
 
 only crime to which the proviso in article 225 is applicable. It is provided in article 226 that the right to compel the district attorney to elect on which charge of an indictment he will proceed, — whether the charge be contained in the same count or in separate
 
 counts,
 
 — is
 
 confined to cases where the indictment contains charges which are entirely distinct and grow out of different transactions.
 
 That cannot mean that, when one who holds a public office or fiduciary employment is indicted, in one count, for the embezzlement of “the aggregate amount embezzled by him during the entire time of his holding such office, employment or relationship”, the indictment is amenable to the complaint that it “contains charges which are entirely distinct and grow out of different transactions” and hence that the defendant may compel the district attorney to elect on which charge of the indictment he will proceed. That there is
 
 only one charge
 
 in such an indictment, for the aggregate amount embezzled, is made plain by the concluding phrase “which said aggregate amount shall determine the grade of
 
 the offense
 
 charged”, ■ — in the proviso in article 225 of the Code of Criminal Procedure. This declaration, that the “aggregate amount * * * shall determine the grade of the offense charged”, means -that the aggregate amount of the embezzlement charged shall determine the grade of the offense in cases where the crime of embezzlement charged is' a graded offense, — and where therefore it is necessary to state the amount embezzled in order to determine the penalty, according to the statute under which the indictment is drawn. It does not mean that the proviso in article 225 should not be applied to a nongraded crime of embezzlement ; but even if it should be so construed the embezzlement of public funds, denounced by articles 903 and 904 of the Revised Statutes, is a graded offense, within the purview of the proviso in article 225 of the Code of Criminal Procedure. State v. Doucet, 202 La. at pages 1099 and 1100, 13 So.2d at pages 361 and 362. This interpretation is verified by the last paragraph of article 67 of the Louisiana Criminal Code, which article defines as “theft” the several crimes of dishonesty heretofore enumerated in article 225 of the Code of Criminal Procedure, and which paragraph in article 67 of the Louisiana Criminal Code reads as follows:
 

 “When there has been misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.”
 

 The term
 
 the offense
 
 implies that the several misappropriations under the circumstances heretofore enumerated in article 225 of the Code of Criminal Procedure constitute
 
 one offense.
 

 Our conclusion is that as there is only one crime charged in the indictment in this case the defendant has no right to compel the district attorney to elect on which charge of the indictment he will proceed.
 

 The ruling complained of by the district attorney, ordering him to elect on which charge of the indictment he will proceed, is annulled; the motion of the defendant to compel the district attorney so to elect
 
 *669
 
 is overruled; and the case is ordered remanded to the district court for further proceedings.
 

 HIGGINS, J., concurs in part and dissents in part for reasons assigned by him in case of State v. Doucet, 204 La.
 
 79,
 
 14 So.2d 917, at page 920.
 

 FOUR.NET, J., dissents, see dissenting opinion 204 La. 99, 14 So.2d 924, at page 925.
 

 PONDER, J., dissents.