SAVOIE, Judge.
This matter is before the court on a motion of the Department of Revenue and Taxation and the Department of State Civil Service to dismiss Jeanne Duhe’s unlodged devolutive appeal. At issue is whether her appeal was filed timely.
Appellant herein, Jeanne Duhe, is attempting to appeal a final decision of the State Civil Service Commission, Docket No. 2612. No appeal has yet been lodged.
Appellant was employed by the Department of Revenue and Taxation as a Revenue Examining Agent III, with permanent status. She was terminated, essentially, for engaging in an outside practice without the Department’s permission. Upon appeal, the Civil Service Commission rendered a decision in favor of the Department on December 17, 1982. On January 18, 1983, the Department of Civil Service received and filed a written application for appeal. Ap-pellee now moves to dismiss the appeal as not timely as delineated in Art. X, Section 12 of the Louisiana Constitution of 1974.[1]
According to the provision of Art. X, Section 12 of the Louisiana Constitution of 1974, a decision of the Commission shall be subject to review on any question of law or fact upon appeal to the Court of Appeal, upon application filed with the Commission “within” thirty calendar days after its decision becomes final. A decision becomes final if an application for review is not made within 15 calendar days after a decision by the referee is rendered.[2] If timely application is not made, the referee’s decision be *281 comes the final decision as of the date it was rendered.[3]
In the instant case, the referee rendered his opinion on December 17, 1982. Appellant did not file an application for review, and as such, the referee’s report became the final decision of the Commission as of the date the referee rendered it. From that date, appellant had 30 days within which to file an application for appeal with the Commission. Here, appellant filed[4] the appeal on Monday, January 17, 1983, rather than on the terminal date of the prescribed period (i.e., Sunday, January 16, 1983).
Article X, Section 12 of the Louisiana Constitution of 1974 requires that all appeals from the Commission be filed “within” 30 calendar days of its final decision. “Within” has been interpreted to include the terminal day of the proscribed period and exclude any period outside those limits. State v. Gehlbach, 205 La. 340, 17 So.2d 349 (1943). Appellant having failed to file the application “within” 30 calendar days, the appeal was untimely filed.
For the above and foregoing reasons, the motion to dismiss appellant-Jeanne Duhe’s unlodged devolutive appeal is granted. All costs are to be borne by appellant, Jeanne Duhe.
MOTION GRANTED.

. The Department of Civil Service has requested to be made an indispensable party and this Court granted that motion.

. Article X, Section 12(A) of the Louisiana Constitution of 1974, as amended by La.Acts 1982, No. 883, effective October 15, 1982, reads, in pertinent part, as follows:
Section 12. (A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee, with subpoena power *281 and power to administer oaths, to take testimony, hear, and decide removal and disciplinary cases. The decision of a referee is subject to review by the commission on any question of law or fact upon the fíling of an application for review with the commission within fifteen calendar days añer the decision of the referee is rendered. If an application for review is not timely filed with the commission, the decision of the referee becomes the final decision of the commission as of the date the decision was rendered. (Emphasis added).

. Id.

. We do not determine here whether an appeal is “filed” when it is mailed or when it is received by the Commission. In either event, the appeal is untimely in this case.