CRAIN, Judge.
The Department of State Civil Service filed a motion to dismiss this unlodged appeal of Shreveport-Bossier Vocational-Technical School, on the basis that the appeal was untimely.[1]
Issac Baker was terminated from his position as a Custodial Worker III by appellant on October 15, 1981. He appealed his termination to the Civil Service Commission. Following a hearing, the civil service referee rendered a decision on August 12, 1983, that there was no just cause for appellee’s termination. On September 12, 1983, appellant took the present appeal.
La. Const, of 1974, art. X, sec. 12(A) provides that the decision of a civil service referee is subject to review by the Civil Service Commission if an application for review is filed within fifteen days after the decision is rendered. If no such application is timely filed, the decision of the referee becomes the final decision of the commission as of the date it was rendered. An appeal therefrom must be filed with the commission within thirty calendar days af *1242 ter the decision becomes final in order to be timely. La. Const, of 1974, art. X, sec. 12(A).
In the instant ease, the referee rendered his decision on August 12, 1983. Appellant did not file a timely application for review, so the decision became final as of that date. Accordingly, appellant had thirty calendar days from August 12,1983, within which to file an appeal with the commission. The thirtieth calendar day following the commission’s decision was September 11, 1983, which fell on a Sunday. Even though this was a legal holiday it is clear that the term “calendar days” does not allow extra days for filing of an appeal when the last day of the permitted period falls on a legal holiday. Guillory v. Department of Transportation and Development, Division of Maintenance and Field Operations, 439 So.2d 657 (La.App. 1st Cir.1983); Duhe v. Department of Revenue and Taxation, 432 So.2d 280 (La.App. 1st Cir.1983). Accordingly, the appeal filed by appellant on September 12, 1983, was untimely.
For the above and foregoing reasons, the motion to dismiss this unlodged appeal is granted and the appeal is dismissed.[2]
APPEAL DISMISSED.

. Pursuant to a motion filed by him, the Director of the Department of State Civil Service was recognized as an indispensable party to these proceedings by an order signed on October 21, 1983, by this court. Appellant, argues that this order should not have been granted. However, there is precedent for recognizing the commission (in this case through its director) as an indispensable party in a case such as the present one. See Duhe v. Department of Revenue and Taxation, 432 So.2d 280, 280 n. 1 (La.App. 1st Cir.1983).
In any event, even if this motion had not been filed by the Director, this court would have recognized ex proprio motu that this appeal was untimely once the record was lodged.

. In the procedural posture of this case, the Shreveport-Bossier Vocational-Technical School cannot be cast for costs. Livingston Parish School Board v. State, Office of Employment Security, 426 So.2d 246 (La.App. 1st Cir.1983).